*991
ORDER

RADER, Circuit Judge.
Stephen L. Miller requests that this court review the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans Appeals (Board) decision to deny Mr. Miller service connection as a result of an injury to the head and neck. Stephen L. Miller v. R. James Nicholson, No. 08-0572, 21 Vet.App. 110 (Vet.App.2006) (Veterans Court Decision). Lacking jurisdiction under 38 U.S.C. § 7292, this court dismisses the appeal.
I
Mr. Miller alleges that in 1941, while he was in the service, he was rolled out of his hammock as a prank and suffered a head injury. As proof of his claim, several servicemen filed statements attesting to the occurrence of the hammock rolling event. However, there are no contemporaneous medical records.
In May 2001, the Board remanded the case to the Regional Office (RO) for further development, specifically directing the RO “to arrange for the veteran to undergo a VA neuropsychiatric examination.” In July, 2001, a neuropsychologist, rather than a neuropsychiatrist, conducted the examination and concluded that there was no causative link between Mr. Miller’s condition and possible injuries resulting from a fall from a hammock in October of 1941.
Following this examination, the Board held on December 18, 2002 that Mr. Miller was not entitled to service connection for residuals of a head and neck injury. The Board did not order another remand in the case as a result of Mr. Miller’s medical examination being performed by a neuropsychologist rather than a neuropsychiatrist. Mr. Miller appealed the decision, arguing that the Board failed to comply with the notice provisions required by statute. The Veterans Court affirmed the Board’s decision finding that the notice provisions had been adequately complied with. Veterans Court Decision, slip op. at 3. Mr. Miller’s motion for reconsideration was denied.
This appeal followed.
II
This court’s jurisdiction to review decisions of the United States Court of Appeals for Veterans Claims is set forth in 38 U.S.C. § 7292. Section 7292 allows this court a very limited review. Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002); Conway v. Principi, 353 F.3d 1369, 1372 (Fed.Cir.2004). This court has jurisdiction to hear challenges to the validity of any statute or regulation or any interpretation thereof. Conway, 353 F.3d at 1372. However, this court dismisses for lack of jurisdiction appeals from the Veterans Court based on factual determinations or that raise applications of law to fact. Id.
On appeal, Mr. Miller asserts that the Veterans Court misinterpreted 38 U.S.C. § 7104(d)(1) when it failed to require the Board to provide adequate reasons and bases to support its decision. Section 7104(d)(1) requires the Veterans Court to include in its decision “a written statement of the Board’s findings and conclusions, on all material issues of fact and law presented on the record.” 38 U.S.C. § 7104(d)(1). Mr. Miller argues that the Board’s decision did not provide adequate reasons for why the examination by the neuropsychologist rather than neuropsychiatrist constituted a harmless error that did not justify remanding the case again for compliance. Remand should have been ordered by the Veterans Court, argues Mr. Miller, because the Board must address the issue of whether prior remands have been complied with. In essence, Mr. Miller argues that the Veterans Court erroneously upheld an inadequate statement of the rea *992 sons or bases for the Board’s findings of fact and thus misinterpreted section 7104(d)(1).
This court has previously determined that the Veterans Court does not interpret a statute if the court merely applies the language of the statute to the facts of a particular case and that such application is not reviewable. Ferguson v. Principi, 273 F.3d 1072, 1074-75 (Fed.Cir.2001). In this case, the Veterans Court’s decision does not involve a discussion of the interpretation of section 7104(d)(1), a statute that on its face is unambiguous. Mr. Miller on appeal does not argue differently. Rather, he seeks a remand for additional discussion of the facts of his case and the application of those facts to the law. This court is empowered to decide issues of law, not the application of law to fact. Conway, 353 F.3d at 1373. Accordingly, the appeal is dismissed for lack of jurisdiction.

COSTS

No Costs.