NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES A. WHITE,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7174

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1421, Judge Bruce E. Kasold.

---

Decided: May 14, 2013

---

ROGER A. DECANIO, The Sutter Law Firm, PLLC, of Charleston, West Virginia, for claimant-appellant.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, LINN, and PROST, *Circuit Judges.*

PER CURIAM.

James A. White ("White") appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying White certain benefits. *White v. Shinseki*, No. 11-1421, 2012 WL 2298888 (Vet. App. June 19, 2012). Because White fails to provide any basis to upset the decision of the Veterans Court, this court affirms.

BACKGROUND

The Board denied White benefits for an innocently acquired psychiatric disorder including post-traumatic stress disorder after reviewing the evidence before it, including medical reports from the Department of Veterans Affairs ("VA") and White's treating psychiatrist. White appealed this decision to the Veterans Court and argued that "the Board provided an inadequate statement of reasons or bases regarding the evidence of continuity of symptomatology and why it did not warrant service connection for his currently diagnosed mood disorder." *Id.* at *1. The Veterans Court affirmed the Board's decision, concluding that "the Board adequately explained the basis for denying benefits for his currently diagnosed mood disorders." *Id.* The Veterans Court also concluded that White did not show that the Board erred in the relevant finding or misapplied the law. White appealed to this

court and initially filed several briefs that were rejected. This court has jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

White makes essentially two arguments why this court should decide his disability claim in his favor and reverse the decision of the Veterans Court. White first argues that this court should adopt the "treating physician" rule under which the opinion of the treating physician is provided greater weight over the opinions of other physicians. In making this argument, White discusses the facts of his case and cites letters from his treating psychiatrist, including one dated September 20, 2012 that White acknowledges was not previously considered by the Board in this case. White also makes a passing argument that the Board inappropriately dismissed the evidence of his treating psychiatrist, presumably contending that the Board did not adequately state its reasons or basis for concluding that such evidence was not sufficient to sustain his claim. White next argues that the Veterans Court's abbreviated opinion provided insufficient notice or information for an appeal.

The government argues that White impermissibly filed a corrected brief raising different issues, particularly the issue of the "treating physician" rule, and that this court should only consider the issues raised in his initial brief. The government also argues that, if the court reaches the issue of the "treating physician" rule, a prior decision of this court requires its rejection. As for the September 20, 2012 letter from White's treating psychiatrist, the government argues that this court should not consider it because it was not before the Board and, thus, is not part of the record on appeal. The government further argues that this court should dismiss White's appeal based on the challenge to the Board's reasons under 38 U.S.C. § 7104(d)(1) because it involves the

application of law to facts, which is outside of this court's jurisdiction under 38 U.S.C. § 7292. Similarly, the government argues that this court lacks jurisdiction to consider the Board's weighing of evidence because it involves the facts of the case. As to White's argument on the sufficiency of the Veteran's Court's opinion, the government argues that no rule requires a written discussion, that the Veterans Court considered White's argument, and that the Veteran's Court's opinion provided sufficient notice of its rationale.

We begin with the argument that the "treating physician" rule should be adopted. There is no need for us to address the government's waiver rule, which is based on White's failure to make that argument in his initial rejected brief, as the argument has no merit even if properly before us. White's argument for the "treating physician" rule fails because this court has already directly addressed and rejected that rule. *See White v. Principi*, 243 F.3d 1378, 1381 (Fed. Cir. 2001) ("[T]he VA benefits statutes and regulations do not provide any basis for the 'treating physician' rule and, in fact, appear to conflict with such a rule. Moreover, given the comprehensive statutory and regulatory scheme for the award of veterans' benefits, it would not be appropriate for this court to impose the 'treating physician' rule on the VA."). "[W]e are bound to follow our own precedent as set forth by prior panels . . . ." *Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1365 (Fed. Cir. 2005).

With respect to the sufficiency of the Board's analysis, 38 U.S.C. § 7104(d)(1) requires that a Board decision contain "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." Assessing the sufficiency of the Board's opinion, including any challenge based on the September 20, 2012 letter that was not before the Board

and thus arguably not part of the record on appeal, necessarily entails a review of the factual record or the application of law to fact. Those determinations are beyond our authority to review under 38 U.S.C. § 7292(d)(2), which states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal "presents a constitutional issue." *See Cook v. Principi*, 353 F.3d 937, 941 (Fed. Cir. 2003) (concluding that "Mr. Cook presents us with a question outside of our jurisdiction" when "[t]o agree with Mr. Cook, we would first need to conclude that the Veterans Court's application of law, in this case § 7104(d)(1), to the facts, here the failure to consider the consent form, was incorrect").

As to the sufficiency of the Veterans Court's decision, no law, rule or regulation places a sufficiency requirement on an opinion of the Veterans Court. *See Bernklau v. Principi*, 291 F.3d 795, 801 (Fed. Cir. 2002) ("It is well-established that a litigant's right to have all issues fully considered and ruled on by the appellate court does not equate to a right to a full written opinion on every issue raised. While it may be desirable in some cases to afford each issue a complete written discussion, no statute or rule compels such an approach by the Court of Appeals for Veterans Claims (or indeed any other court)." (citations omitted) (internal quotation marks omitted)). Here, the Veterans Court's opinion reflected that it considered White's argument and provided notice of its rationale for an appeal. Any challenge to the sufficiency of the facts underlying the Veterans Court's decision or the application of law to fact would be beyond this court's authority to review. 38 U.S.C. § 7292(d)(2).

For the foregoing reasons, the decision of the Veterans Court is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.