NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL W. BLASHFORD,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7094

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-575, Chief Judge Bruce E. Kasold.

---

Decided:  May 15, 2014

---

MICHAEL W. BLASHFORD, of Mayo, Florida, pro se.

LAUREN MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

———————————

Before TARANTO, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Michael W. Blashford appeals from a judgment of the United States Court of Appeals for Veterans Claims that affirmed an adverse decision of the Board of Veterans' Appeals, which found that Mr. Blashford was not entitled to receive veterans' benefits because he had been dishonorably discharged from the armed forces. *Blashford v. Shinseki*, No. 11-575, 2012 WL 3871936 (Vet. App. Sept. 7, 2012). Mr. Blashford seeks review in this court, but he has not presented any issue that falls within the limited scope of our jurisdiction to review decisions of the Veterans Court. We therefore dismiss the appeal.

## BACKGROUND

Mr. Blashford served on active duty in the United States Marine Corps from November 1981 to November 1984. During that service, Mr. Blashford was treated numerous times for alcohol abuse and injuries sustained during fights. Two medical evaluations that resulted from his conduct are relevant to this appeal. A September 1983 evaluation produced a conclusion of alcohol abuse causing repeated behavior problems. The physician who examined Mr. Blashford noted that he was alert and oriented and that he appeared to possess clear, rational thought processes. Another medical evaluation—one year later, in September 1984—resulted in what the Board described as a "normal psychiatric clinical evaluation." Resp. App. 59.

In June 1984, Mr. Blashford's commanding officer warned him, in writing, that his performance was unsatisfactory due to "[f]requent alcohol related incidents,

violations of the [Uniform Code of Military Justice], and lack of respect to superiors." Resp. App. 12. The commanding officer recommended that Mr. Blashford seek treatment for his alcohol abuse and advised that "any further deficiencies in [his] performance and/or conduct" could result in disciplinary action and administrative discharge. *Id.*

In July 1984, the Marine Corps tried Mr. Blashford by summary court martial and found him guilty of disobeying a lawful order and being absent from duty without leave. He was sentenced to a reduction in rank, forfeiture of some pay for a period of one month, and confinement at hard labor for 30 days. In October 1984, the Corps convened a second summary court martial, which convicted Mr. Blashford of being twice absent without leave. He was sentenced to forfeiture of some pay for a period of one month and confinement for a period of 30 days.

That same month, as a result of his misconduct and court martial convictions, the Marine Corps initiated administrative discharge proceedings against Mr. Blashford. Mr. Blashford's commanding officer recommended discharge under other than honorable conditions. He specifically noted that Mr. Blashford had received four non-judicial punishments, two summary courts martial, and a reduction in rank. On November 21, 1984, Mr. Blashford was dishonorably discharged.

Several years later, Mr. Blashford filed a claim for veterans' benefits, asserting that he was suffering from a head and neck disorder, alcoholism, adjustment disorder, personality disorder, and dysthymic disorder, and that those conditions were connected to his military service. In support of his claim for benefits, Mr. Blashford submitted a report from a July 1991 psychiatric examination conducted in the course of criminal proceedings then pending against him in Florida.

The Department of Veterans Affairs determined that Mr. Blashford was not entitled to benefits because of his dishonorable discharge, which generally bars benefits. *See* 38 U.S.C. §§ 101(2), 5303(a). Mr. Blashford appealed to the Board of Veterans Appeals, arguing, among other things, that he was insane at the time he committed the in-service misconduct that led to his dishonorable discharge and that he was therefore eligible for veterans' benefits under 38 U.S.C. § 5305(b). On June 23, 2010, the Board found that his dishonorable discharge resulted from "willful and persistent acts of misconduct he committed when he was sane" and denied Mr. Blashford's appeal. Resp. App. 65. The Board rejected Mr. Blashford's argument that he was entitled to a medical examination. Initially, the Board stated that such an examination was not "necessary in this case, as the appellant's current medical state is not at issue." Resp. App. 56. Later, the Board added that nothing asserted or produced by Mr. Blashford constituted competent evidence that he was insane at the time of his in-service misconduct. None of Mr. Blashford's treatment records while he was in service gave any indication that he was insane at the relevant time; rather, they showed that he "appeared to possess clear, rational thought process in September 1983 and was given a normal psychiatric clinical evaluation in September 1984." Resp. App. 64.

Mr. Blashford appealed to the Veterans Court. He argued, among other things, that the Board did not properly evaluate his sanity at the time of his misconduct. In response, the Secretary of Veterans Affairs, in part agreeing with Mr. Blashford, argued that the Board's statement of reasons for denying Mr. Blashford a medical examination to evaluate his sanity at the relevant time was inadequate, s*ee* 38 U.S.C. § 7104(d)(1), and the Secretary requested a remand for Board reconsideration.

The Veterans Court, in a single-judge decision, disagreed with Mr. Blashford and the Secretary. It found that

the Board's opinion, "[r]ead as a whole," confirmed that the denial of a medical examination was neither substantively deficient nor inadequately explained. *Blashford*, 2012 WL 3871936, at *2. The Veterans Court noted that the evidence in the record, and the Board's recitation of that evidence, supported the finding that Mr. Blashford was not insane at the time of his in-service misconduct. The Veterans Court also noted that the Secretary had not explained how a "medical examination today can assess whether Mr. Blashford was insane during September through November 1984, when Mr. Blashford was discharged." *Id.* The Veterans Court subsequently granted Mr. Blashford's request for rehearing by a three-judge panel and simultaneously adopted the single-judge memorandum decision as the decision of the court. *Blashford v. Shinseki*, No. 11-575, 2013 WL 441376 (Vet. App. Feb. 6, 2013). Mr. Blashford appeals.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals insofar as they challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Blashford's appeal does not raise any issue that we have jurisdiction to decide. The Department of Veterans Affairs must provide a medical examination or opinion when one "is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1). Neither that provision nor the general duty to assist claimants, *id.* § 5103A(a)(1), "imposes an open-ended obligation on the [Department] to provide a medical examination or opinion upon de-

mand." *Beasley v. Shinseki*, 709 F.3d 1154, 1159 (Fed. Cir. 2013).

Mr. Blashford's primary argument is that the Board should have ordered a psychiatric examination and made an independent determination of whether he was insane at the time of the in-service misconduct that led to his discharge. The Veterans Court, considering this argument as well as the requirement that the Board provide an adequate statement of its findings of fact and conclusions of law, found the Board's determination that a medical examination was not needed both adequately supported and adequately explained. It based that determination on the Board's opinion "as a whole" and the absence of an explanation of how a medical examination could assist in the development of Mr. Blashford's claim.

Although he invokes § 5103A, Mr. Blashford presents no challenge to the Veterans Court's interpretation of the statute, or to any other legal ruling by the Veterans Court. Rather, his argument is about the application of the law to the facts of his case: he contends that the Board should have found that a medical examination was necessary based on record evidence pertaining to his in-service psychological symptoms and alcohol dependence, as well as post-service medical records reflecting diagnoses of dysthymic disorder, depression, and sociopathic personality. We have no jurisdiction to reweigh the evidence on the need for a medical examination or to review the Veterans Court's assessment of the Board's case-specific determination that there was no such need here. *See DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008) ("[t]he board made a factual finding that a medical opinion was not necessary to decide the claim under § 5103A(d) . . . [o]ur jurisdiction precludes us from reviewing factual findings or even the application of law to facts"). Whether the Board's explanation was adequate is likewise outside our jurisdiction: the Veterans Court's reading of the Board opinion as supplying an adequate explanation is a case-

specification of law to facts, which we may not review. *See White v. Shinseki*, 524 Fed. App'x 715, 717 (Fed. Cir. 2013); *Maher v. Shinseki*, 448 Fed. App'x 65, 67 (Fed. Cir. 2011); *Miller v. Nicolson*, 233 Fed. App'x 990, 992-93 (Fed. Cir. 2007). Congress has made the Veterans Court, not this court, the venue for such case-specific review of factual matters and applications of law to fact.

Mr. Blashford's appeal also does not raise a substantial constitutional issue to bring the appeal within the scope of our limited jurisdiction. Mr. Blashford states that he "was denied due process and equal protection of the law," but that challenge rests entirely on the assertion of case-specific error by the Board and Veterans Court regarding the need for a medical examination, without even a meaningful comparison to the determinations in other cases. This argument therefore amounts to no more than an invocation of a constitutional label, which is not enough to sidestep the congressionally prescribed limits on this court's jurisdiction over review of factual matters and applications of law to fact. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding invocation of a constitutional label does not establish jurisdiction).

We have considered Mr. Blashford's remaining arguments and conclude that they do not alter the outcome here. Accordingly, we dismiss this appeal for lack of jurisdiction.

No Costs.

**DISMISSED**