Homer L. COOK, Jr., Claimant–
Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 03–7041.

United States Court of Appeals,
Federal Circuit.

Dec. 19, 2003.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Gregory T. Jaeger, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David M. Cohen, Director; and Todd M. Hughes, Assistant Director. Of counsel on the brief was Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Lawrence N. Minch, Attorney, United States Department of Justice, of Washington, DC.

Before GAJARSA, LINN, and PROST, Circuit Judges.

GAJARSA, Circuit Judge.

Homer L. Cook, Jr., appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board's") denial of his claim for benefits under 38 U.S.C. § 1151(a) (2000). *Cook v. Principi*, No. 99–1544, 2002 WL 31429697 (Vet.App.2002). Although Mr. Cook presents his argument as a legal premise couched in terms of statutory interpretation, the review Mr. Cook requests ultimately reduces to an application of the law to facts. We therefore find that it is

outside of our jurisdiction as prescribed by 38 U.S.C. § 7292 (2000), *amended by* Veterans Benefit Act of 2002, Pub.L. No. 107–330, § 402, 116 Stat. 2820, 2832 (2002).

## I. BACKGROUND

Mr. Cook underwent surgery at a Department of Veterans Affairs ("VA") facility in 1992 to remove a mass from his lower back. In the period following the removal of the mass, Mr. Cook suffered from various medical conditions that resulted in disability. Mr. Cook seeks benefits under § 1151(a), which provides that, in certain cases, a veteran is entitled to receive benefits for injuries incurred during medical treatment furnished by law (e.g., treatment at a VA hospital). A VA regional office ("RO") denied Mr. Cook's claim for benefits in February of 1995, and again in October of the same year. Mr. Cook appealed the decision to the Board, which remanded his claim to the RO to obtain treatment records and perform additional physical examinations. In 1999, the Board denied Mr. Cook's claim for benefits, and Mr. Cook appealed the Board's decision to the Veterans Court.

Before the Veterans Court, Mr. Cook argued that the Board failed to provide a "written statement of [its] findings and conclusions, and the reasons and bases for those findings and conclusions" as required by 38 U.S.C. § 7104(d)(1) (2000). Specifically, Mr. Cook pointed to the Board's failure to address the informed consent form that is required prior to treatment at a VA facility by 38 C.F.R. § 17.32(c) (1997). According to Mr. Cook, the informed consent form was probative evidence that his condition was caused by the VA surgery because it warned of precisely the ailments with which he became afflicted. Consequently, Mr. Cook argues, the Board's failure to address the form was error under § 7104(d)(1). Mr. Cook further argued that the Board also failed to address the internal inconsistencies of an examining physician's medical report to the VA.

The Veterans Court rejected both of Mr. Cook's assertions. As to the failure to address the informed consent form, the Veterans Court agreed that the Board did not address the form but disagreed that this failure violated the "reasons or bases" requirement of § 7104(d). The consent form, the Veterans Court explained, is a legal notice requirement, and is neither favorable nor unfavorable evidence regarding Mr. Cook's claim. As to the argument regarding the internal inconsistency of the medical opinion, the Veterans Court found the inconsistency to be illusory. Mr. Cook timely appealed to this court.

## II. DISCUSSION

### A. *Standard of Review*

The jurisdiction of this court to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292; *Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation, or any interpretation thereof" by the Veterans Court. 38 U.S.C. § 7292(c); *Forshey,* 284 F.3d at 1338. Constitutional and statutory interpretations by the Veterans Court are reviewed de novo. *Santana–Venegas v. Principi,* 314 F.3d 1293, 1296 (Fed.Cir. 2002). Interpretations of regulations, however, may only be set aside if they are: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of

procedure required by law." 38 U.S.C. § 7292(d)(1); *Santana–Venegas,* 314 F.3d at 1296. This court is limited by its jurisdictional statute and, absent a constitutional issue, may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2).

## B. *Analysis*

■ Mr. Cook argues that the Veterans Court has abused its discretion under its own jurisdictional statute, 38 U.S.C. § 7252 (2000), by not remanding his case to the Board for consideration of the consent form. Section 7252(a) authorizes the Veterans Court "to affirm, modify, or reverse a decision of the [Board] or to remand the matter, as appropriate." *Id.* Mr. Cook thus describes the issue as a review of the Veterans Court's compliance with its own jurisdictional statute, a question of statutory interpretation falling within the scope of our review. 38 U.S.C. § 7292(d)(1); *see also Ephraim v. Brown,* 82 F.3d 399, 400 (Fed.Cir.1996). The government disputes Mr. Cook's description of the issue, arguing instead that § 7292(d)(2), which precludes our review of factual determinations and the application of the law to facts, applies to Mr. Cook's claim.

Both parties rely on *Maggitt v. West,* 202 F.3d 1370 (Fed.Cir.2000), and *Morris v. Principi,* 239 F.3d 1292 (Fed.Cir.2001), to support their respective positions. In *Maggitt,* this court found jurisdiction to hear a veteran's claim that the Veterans Court abused its discretion under § 7252(a) when it declined to remand a case to the Board for further consideration in light of a decision, also by this court, revising the applicable legal standard. In reaching this conclusion, the court in *Maggitt* explained that it was not reviewing the Board's decision for correctness, but was

instead exercising its statutory authority to review questions involving the Veterans Court's jurisdiction. *Maggitt,* 202 F.3d at 1379–80. In *Morris,* the court relied on *Maggitt,* similarly finding jurisdiction to review a decision of the Veterans Court not to remand a veteran's claim for reconsideration in light of a newly enacted statute. *Morris,* 239 F.3d at 1294. The court in *Morris* further found jurisdiction to review a corollary argument, also premised on an abuse of discretion under § 7252, that the Veterans Court misinterpreted § 7104 in concluding that remand was an inappropriate disposition. *Id.* at 1295–96.

■ We do not read *Maggitt* and *Morris* as standing for a general proposition that this court has jurisdiction to review every disposition of an appeal by the Veterans Court under § 7252(a). Instead, *Maggitt* and *Morris* present situations in which this court has jurisdiction to review the correctness of the legal decision underlying the jurisdictional determination made by the Veterans Court under § 7252. Jurisdictional determinations are themselves legal issues that can be reviewed by this court. In *Maggitt,* the situation involved a decision issuing from this court revising the controlling legal standard at issue in the veteran's claim. 202 F.3d at 1374. Similarly, one of the issues in *Morris* involved a change in the law, though a result of congressional rather than judicial action. *Morris,* 239 F.3d at 1293–94. *Morris* also presented an additional ground for review of § 7252, premised on a misinterpretation of § 7104(d)—the same statute at issue in the present case. *Id.* at 1295–96.

In his reply brief, Mr. Cook also cites *Pierce v. Principi,* 240 F.3d 1348 (Fed.Cir. 2001), for the proposition that the mere failure to adhere to a jurisdictional statute is sufficient to create jurisdiction in this court. Again, however, Mr. Cook's argument ignores the facts of the case. In

*Pierce,* the veteran's abuse-of-discretion argument was that the Veterans Court failed to make *any* determination regarding the correctness of the Board decision, in direct contravention of the statute, § 7261. In other words, the abuse of discretion was the misinterpretation of the jurisdictional statute itself. We found that the Veterans Court made the required determination, and therefore affirmed—without any review of the correctness of that determination. *Pierce,* 240 F.3d at 1356–57.

Mr. Cook's claim involves no intervening change in law or request for statutory interpretation. Instead, his argument is premised on the basis that the Veterans Court erred by not remanding his case over an alleged failure by the Board to satisfy its statutory requirements under § 7104(d)(1). Although we have not addressed the full extent of this court's jurisdiction to review the compliance of the Veterans Court with its jurisdictional statute, § 7252, our *Maggitt* and *Morris* decisions correctly indicate that our review is confined to legal determinations. *See Maggitt,* 202 F.3d at 1379 (rejecting the government's argument that we have no jurisdiction to review exercises of discretion under § 7252(a) "even when the remand motion is prompted by an intervening change in law"); *Morris,* 239 F.3d at 1294 ("In *Maggitt,* we determined that we had jurisdiction to review the Court of Appeals for Veterans Claims' denial of a motion to remand a case to the Board *in view of a change in the law.*" (emphasis added)). Accordingly, this court does not have jurisdiction to review an alleged abuse of discretion under § 7252 premised on the misapplication of the law to facts or an erroneous factual determination.

■ Our jurisdictional statute, § 7292, supports this conclusion. As we have often explained, § 7292(d)(2) precludes this court's review of factual determinations and applications of the law to facts where no constitutional issues are involved. *See Halpern v. Principi,* 313 F.3d 1364, 1369 (Fed.Cir.2002); *Jefferson v. Principi,* 271 F.3d 1072, 1075–76 (Fed.Cir.2001); *Woodson v. Brown,* 87 F.3d 1304, 1307 (Fed.Cir. 1996); *Albun v. Brown,* 9 F.3d 1528, 1530 (Fed.Cir.1993). Subjects within the scope of our review include:

(1) issues concerning the validity of statutes or regulations on which the decision of the Court of Appeals for Veterans Claims depended; (2) issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation; (3) issues of validity or interpretation raised before the Court of Appeals for Veterans Claims but not explicitly decided, if the decision would have been altered by adopting the position that was urged; and (4) other "relevant" questions of law.

*Forshey,* 284 F.3d at 1351.[1] While Mr. Cook's appeal arguably resembles the situations in *Maggitt* and *Morris,* particularly the § 7104 issue in *Morris,* any resemblance is superficial. Unlike those cases, the review requested here would unavoidably require a review of the Veterans Court's application of law to the facts. Attempting to recast the issue as purely legal under the guise of an abuse-of-discretion review of § 7252 is unavailing.[2]

---

1. In 2002, Congress expanded our scope of review to "case" jurisdiction. *See Morgan v. Principi,* 327 F.3d 1357, 1360–61 (Fed.Cir. 2003); Veterans Benefit Act of 2002, Pub.L. No. 107–330, § 402, 116 Stat. 2820, 2832 (2002).

2. While the appellant in *Morris* presented the alleged misinterpretation of § 7104(d) as an

Mr. Cook argued to the Veterans Court that the Board's failure to consider his consent form was error under § 7104(d)(1). The Veterans Court considered this argument, and declined to remand the case for further consideration by the Board. Mr. Cook argues to this court that the Veterans Court abused its discretion under § 7252(a) by not remanding his case. To agree with Mr. Cook, we would first need to conclude that the Veterans Court's application of law, in this case § 7104(d)(1), to the facts, here the failure to consider the consent form, was incorrect. While no express holding to that effect is required to give Mr. Cook the relief he requests, we certainly would be applying the law to the facts in order to find an abuse of discretion. In contrast, no such application of law to facts was necessary in *Maggitt* or *Morris*. The central thesis there was only a determination of whether the abuse of discretion, premised on the intervening legal changes, created a basis for this court to obtain jurisdiction to determine the correctness of the underlying legal decisions by the Veterans Court. Likewise, the review of the § 7104(d) issue in *Morris* involved only a review of the legal interpretation of that statute—again, with no corresponding review of factual matters.

While both in the situation presented by Mr. Cook and the situations in *Maggitt* and *Morris,* we would be reviewing the Veterans Court's compliance with its jurisdictional statute, a seemingly legal question, that review cannot be performed in the present appeal without reviewing the

application of the law to facts, a matter excluded from our jurisdiction by § 7292(d)(2). Thus, Mr. Cook presents us with a question outside of our jurisdiction and, no matter how many mattresses Mr. Cook stacks upon it, § 7292(d)(2) requires that we still feel the pea at the bottom of the stack.[3]

### III. CONCLUSION

Because we are without jurisdiction to review Mr. Cook's appeal, it is

*DISMISSED.*

### IV. COSTS

No costs.

---

abuse of discretion by the CAVC under § 7252, the appellant's use of § 7252 as a vehicle for reviewing the issue seems to us to have been unnecessary-we could have reviewed the alleged misinterpretation directly pursuant to § 7292(c). Much as the form of the request made no difference in *Morris,* the same is true here. Requesting review of a

factual dispute through the lens of an abuse of discretion under § 7252 does nothing to alter the prohibited character of that review under § 7292(d)(2).

3. Hans Christian Andersen, *The Princess and the Pea, in Fairy Tales* 23 (Everyman's Library 1992).