**Teddy C. LAWSON, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2009–7050.

United States Court of Appeals, Federal Circuit.

Feb. 5, 2010.

Sean A. Ravin, Wasington, DC, for Claimant–Appellant.

Elizabeth M. Hosford, Department of Justice, Michael J. Timinski, Tracey P. Warren, Department of Veterans Affairs, Washington, DC, for Respondent–Appellee.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

### *ORDER*

PER CURIAM.

Teddy C. Lawson appeals from the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the March 23, 2006, decision of the Board of Veterans' Appeals ("Board") denying Mr. Lawson's entitlement to service connection for cerebrovascular accident secondary to service-connected skull defect. *Lawson v. Peake*, No. 06–2110, 2008 WL 3260918 (July 30, 2008). We *dismiss* Mr. Lawson's appeal.

## I

The sole issue presented in Mr. Lawson's appeal is whether the Board violated Mr. Lawson's rights under 38 U.S.C. § 7104(d)(1), which provides that "[e]ach decision of the Board shall include—(1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record...." When his case was before the Board, Mr. Lawson asserted that the facts of his case entitled him to an advisory medical opinion from a medical expert not employed by the Department of Veterans Affairs, under the terms of 38 C.F.R. § 3.328, which provide for such advisory opinions in cases involving "medical complexity or controversy." The Board's decision did not directly address Mr. Lawson's assertion regarding an independent medical opinion. Instead, the Board's decision described in some detail that Mr. Lawson's case did not involve "medical complexity or controversy" because the Board discounted the evidence offered by Mr. Lawson to demonstrate such complexity or controversy. As noted above, the Board denied Mr. Lawson's claim for service connection.

## II

Mr. Lawson appealed the adverse Board decision to the Veterans Court. The Veterans Court responded directly to Mr. Lawson's argument that his section 7104(d)(1) rights were violated by the Board's opinion because the Board did not directly state the reasons for denying his request for an independent medical opinion. The Veterans Court reasoned that the Board had in fact provided a written statement explaining why Mr. Lawson's request for an independent advisory medical opinion had been denied. Therefore, the Veterans Court affirmed the Board's decision denying service connection.

## III

The jurisdiction of this court to review final decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292; *Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Absent a constitutional issue, this court may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. 38 U.S.C. § 7292(d)(2). *See Cook v. Principi,* 353 F.3d 937, 940 (Fed.Cir.2003). When an appeal to this court presents an application of law or regulation to the facts of the case, we must dismiss the appeal. *Id.* at 941.

## IV

In *Cook v. Principi,* the issue was whether the veteran's section 7401(d)(1) rights were violated when the Board failed to provide a written statement explicitly rejecting one of Mr. Cook's arguments and failing to address internal inconsistencies in the medical records before the Board. 353 F.3d at 938–39. Mr. Cook's factual situation thus was quite close to Mr. Lawson's. Both cases involved Board decisions that failed to address arguments by the veterans where alleged inconsistencies existed in the medical records. The Veterans Court rejected Mr. Cook's argument that his section 7401(d)(1) rights had been violated; instead the Veterans Court held that the Board had adequately addressed Mr. Cook's arguments without actually addressing the arguments directly in the Board's decision. *Id.* at 938.

This court in *Cook v. Principi,* held that Mr. Cook's appeal to this court presented a challenge to the application of law to the facts of the case. 353 F.3d at 941. So too does Mr. Lawson's appeal present a chal-

lenge to the application of the law to the facts of his case. We see no distinction between the situation in *Cook v. Principi* and this case. Accordingly, due to the statutory restriction on our jurisdiction, we must dismiss Mr. Lawson's appeal.

No costs

SO ORDERED.