NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH T. MAHER, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7037

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-3808, Judge Alan G. Lance, Sr.

---

Decided: November 18, 2011

---

PETER J. SEBEKOS, Law Office of Peter J. Sebekos, of Niagara Falls, New York, for claimant-appellant.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––

Before RADER, *Chief Judge*, LINN, and DYK, *Circuit Judges*.

RADER, *Chief Judge*.

The U.S. Court of Appeals for Veterans Claims affirmed the Board of Veterans' Appeals ("Board") denial of an earlier effective date for the disability award to Joseph T. Maher, Jr. *Maher v. Shinseki* (*Veterans Court Decision*), No. 08-3808, 2010 U.S. App. Vet. Claims LEXIS 1445 (Vet. App. Aug. 6, 2010). Because Mr. Maher requests review of factual matters or matters not raised before the Court of Veterans Claims, this court dismisses.

## I.

Mr. Maher served in the U.S. Navy from April 1966 to October 1969. He first applied for service-connected disability compensation due to Post Traumatic Stress Disorder ("PTSD") in 1992. A Department of Veterans Affairs ("VA") Regional Office ("RO") denied his claim in 1993, finding insufficient evidence of either PTSD or an in-service stressor. On June 8, 1994, Mr. Maher submitted another request for disability compensation ("1994 statement"), which included new evidence that he was hospitalized at the Buffalo VA Medical Center and treated at a VA outpatient PTSD clinic. The RO considered the 1994 statement as a request to reopen his claim. In 1995, his claim was reopened and again denied.

On November 15, 1996, Mr. Maher requesting reconsideration of claim ("1996 letter"). The Veterans Department initially denied his request, but in 2001, granted service-connected disability compensation for PTSD rated at 50% with an effective date of November 15, 1996.

Mr. Maher, however, believed his PTSD condition was more than 50% disabling and sought to reopen his claim for consideration of a higher PTSD rating and a rating of total disability based on individual unemployability ("TDIU"). He also submitted a letter ("2001 letter") again stating he was 100% disabled. The RO initially denied this claim, but in 2005, increased his PTSD rating to 70% and awarded TDIU, both effective June 4, 2001.

Mr. Maher appealed to the Board for an earlier effective date for both awards, contending his increased rating and TDIU award should date back to his 1996 letter. Specifically, he argued his 1996 letter contained an informal claim for TDIU, and his 2001 letter was a Notice of Disagreement ("NOD") of the 2001 decision—which kept both claims pending. The Board, however, denied an earlier effective date for both of his claims because Mr. Maher failed to appeal the 2001 decision. *In re Maher* (*Board Decision*), No. 06-23 286, 2008 BVA LEXIS 26004, at *26 (B.V.A. 2008). The Board explained the 2001 letter was not an NOD because "there was no expressed desire for appellate review," and the statements were consistent with his request for reconsideration of an increased rating. *Id.* Also, the Board considered immaterial any implied claim for TDIU in the 1996 letter because the 2001 decision, which did not award TDIU, was final. *Id.* at *28 ("[W]here an RO renders a decision on a veteran's claim for benefits but fails to address one of the claims, that decision is final as to all claims; the RO's failure to address the implied claim is properly challenged through a [clear and unmistakable error] motion, not a direct

appeal." (alteration in original) (quoting *Deshotel v. Nicholson*, 457 F.3d 1258, 1262 (Fed. Cir. 2006)) (internal quotation marks omitted)).

Mr. Maher appealed to the Veterans Court arguing, *inter alia*, that the Board did not supply adequate findings and conclusions. *See* 38 U.S.C. § 7104(d)(1). The Veterans Court determined that the Board adequately explained its findings, and affirmed. *Veterans Court Decision*, 2010 U.S. App. Vet. Claims LEXIS 1445, at *3, 7.

In the present appeal, Mr. Maher contends that the Veterans Court misinterpreted § 7104(d)(1) in upholding the Board's findings. *See* 38 U.S.C. § 7104(d)(1) ("Each decision of the Board shall include . . . a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record . . . .") Mr. Maher also contends the 1995 RO decision did not render his original claim final because it improperly treated his 1994 statement as a request to reopen.

## II.

Our jurisdiction to review Veterans Court decisions is defined by 38 U.S.C. § 7292. This court has exclusive jurisdiction to interpret statutory provisions and reviews the Veterans Court's statutory interpretations without deference. 38 U.S.C. § 7292(c); *Cook v. Principi*, 353 F.3d 937, 938 (Fed. Cir. 2003). Absent a constitutional issue, this court lacks authority to review challenges to factual determinations or challenges to an application of law to fact. 38 U.S.C. § 7292(d)(2); *Cook*, 353 F.3d at 938-39.

This court lacks authority to review Mr. Maher's contentions that the Veterans Court misinterpreted § 7104(d)(1) because it involves review of the application

of law to fact.  *See* 38 U.S.C. § 7292(d)(2); *Cook*, 353 F.3d at 941.  The Veterans Court directly addressed Mr. Maher's arguments—applying § 7104(d)(1) to the factual question of the sufficiency of the Board's explanations and found them satisfactory.  *Veterans Court Decision*, 2010 U.S. App. Vet. Claims LEXIS 1445, at *3, 7.  Specifically, it assessed the Board's reasons that the 1994 statement and 2001 letter were not NODs.  It also assessed the Board's explanation that the content of the 1996 letter was irrelevant because the 2001 decision is final.  *Board Decision*, 2008 BVA LEXIS 26004, at *26-28.  The Veterans Court found the Board's explanation met the requirements of § 7104(d)(1).  *Veterans Court Decision*, 2010 U.S. App. Vet. Claims LEXIS 1445, at *7.  Accordingly, this court is precluded by § 7292 from reviewing this application of law to fact.  *See Cook*, 353 F.3d at 941 (holding § 7292 precludes review of application of § 7104(d)(1) to the fact of Board's failure to consider certain evidence in its decision).

Mr. Maher also argues that the 1995 RO decision did not render his original claim final because it improperly treated his 1994 statement as a request to reopen rather than as an NOD with the 1993 PTSD rating.  Whether the 1994 statement is an NOD involves the application of law to fact, which is beyond our jurisdiction to review.  In any event, as the government correctly points out, Mr. Maher's claim became final when he failed to appeal the July 1995 RO decision.  *See Deshotel*, 457 F.3d at 1262.

Because this court lacks jurisdiction to review Mr. Maher's arguments, the appeal is

**DISMISSED**