NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANET D. BERRY,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7013

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1108, Judge Bruce E. Kasold.

---

Decided: May 9, 2013

---

JANET D. BERRY, of Venice, Florida, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN HOCKEY, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

―――――――――――

Before RADER, *Chief Judge,* MOORE, *Circuit Judge,* and BENSON, *District Judge.**

PER CURIAM.

The United States Court of Appeals for Veterans Claims upheld the denial of Ms. Janet Barry's claim that her post-traumatic stress disorder (PTSD) was service connected. Because Ms. Berry appeals issues of fact, this court dismisses her appeal for lack of jurisdiction.

I.

Ms. Berry served on active duty in the Navy between August 1973 and June 1975. In August 2006, she submitted a claim for entitlement to service connection for PTSD. She alleged that she was sexually assaulted during active duty by a superior officer. The record shows that she did not report the assault. None of her service records show any complaint, diagnosis, or treatment for any psychiatric distress or sexual trauma.

The Department of Veterans Affairs (VA) examined Ms. Berry on two occasions. After the first examination, the examiner diagnosed Ms. Berry with several major psychiatric disorders but noted that she could not comment on whether Ms. Berry's record supported a service connection for PTSD. After the second examination, the examiner noted Ms. Berry had a history of sexual attacks and diagnosed Ms. Berry with PTSD.

According to VA regulations, a veteran seeking service connection for PTSD relating to sexual assault must

―――――――――――

*The Honorable Dee V. Benson, United States District Court of Utah, sitting by designation.

provide corroborating evidence of the assault. 38 C.F.R. § 3.304(f). In order to assist Ms. Berry in making her case, the VA submitted a request to the U.S. Joint Service Records Research Center and the Naval Criminal Investigation Service seeking information on any possible assaults. The requests returned no results, and the VA ultimately found it was unable to verify Ms. Berry's claimed stressors. Ms. Berry appealed.

The Board of Veterans' Appeals denied Ms. Berry's entitlement to service connection for both a low back disorder and for PTSD. With respect to the PTSD claim, the Board considered 38 C.F.R. § 3.304(f). Ms. Berry had been diagnosed with PTSD but the record contained no verified PTSD stressors for the claimed in-service sexual assault. The Board found no corroborating evidence of her assault due to Ms. Berry's inconsistent testimony and the lack of support in the record. Ms. Berry appealed to the Veterans Court which affirmed the Board, and this appeal followed.

## II.

This court's jurisdiction to review Veterans Court decisions is defined by 38 U.S.C. § 7292. This court has exclusive jurisdiction to interpret statutory provisions and reviews the Veterans Court's statutory interpretations without deference. 38 U.S.C. § 7292(c); *Cook v. Principi*, 353 F.3d 937, 938 (Fed. Cir. 2003). Absent a constitutional issue, this court lacks authority to review challenges to factual determinations or challenges to an application of law to fact. 38 U.S.C. § 7292(d)(2) ("Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."); *Cook*, 353 F.3d at 938–39. Although this court has jurisdiction to review a "rule of law," including a rule established by precedent of the Veterans Court, it may

not review the application of law to the facts of a particular case. *See Willsey v. Peake*, 535 F.3d 1368, 1371–72 (Fed. Cir. 2008); *see also Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

Ms. Berry does not appeal any interpretation of law or regulation. Instead, she characterizes her appeal as one involving a constitutional question. However, she does not present a constitutional issue upon which this court has jurisdiction. Labeling a case as a "constitutional question" is not sufficient. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Ms. Berry's contentions are best characterized as dispute over whether she proved a service connection for her PTSD with corroborating evidence. However, the Board and the Veterans Court reviewed the record and found no corroboration under 38 C.F.R. § 3.304(f). This court has no jurisdiction to review these factual determinations. 38 U.S.C. § 7292(d)(2).

Ms. Berry also asks this court to appoint counsel to represent her as her previous counsel withdrew from her case. Appellant's Br. 10. This court cannot grant her request because there is generally no right to counsel in civil cases. *See Pitts v. Shinseki*, 700 F.3d 1279, 1283–86 (Fed. Cir. 2012).

## III.

Ms. Berry appeals questions of fact. This court has no jurisdiction over such questions.

## DISMISSED

No Costs.