NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGINA A. ECHOLS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7090

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2636, Chief Judge Bruce E. Kasold.

---

Decided: October 10, 2013

---

REGINA A. ECHOLS, of Homestead, Florida, pro se.

MEEN GEU OH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

———————————

Before REYNA, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Regina A. Echols appeals a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying her claim for an earlier effective date for the award of disability compensation for a lower back disorder. *See Echols v. Shinseki*, No. 11-2636, 2013 U.S. App. Vet. Claims LEXIS 379 (Vet. App. Mar. 15, 2013) ("*Veterans Court Decision*"). Because the issues raised by Echols fall outside the scope of our appellate jurisdiction, we *dismiss* her appeal.

## BACKGROUND

Echols served in the United States Army from October 1986 until August 1994. In October 1994, a Regional Office ("RO") of the Department of Veterans Affairs ("VA") awarded her service connection for a lower back disability, but assigned her a non-compensable rating of zero percent. Echols did not appeal the RO's decision and it became final.

Ten years later, in September 2004, Echols filed a claim seeking an increase in her disability rating. Following a VA medical examination, Echols was awarded a forty percent rating for her lower back condition. The effective date for the award was September 16, 2004, the date she filed her claim for an increased rating. Echols subsequently filed a claim seeking an earlier effective date, but the Board of Veterans' Appeals ("board") denied her claim in August 2007.

Echols then appealed to the Veterans Court. In January 2009, the court granted the parties' joint motion to remand the case to the board for further development. On

remand, the board reviewed medical records both from the VA and from Echols' private physicians, but again denied Echols' request for an earlier effective date. The board determined that: (1) there were no medical records, prior to September 16, 2004, demonstrating an increase in the severity of Echols' lower back disability; and (2) Echols had not made an informal claim for an increased rating prior to that date. On appeal, the Veterans Court affirmed, concluding that the board's findings were "plausible and not clearly erroneous." *Veterans Court Decision*, 2013 U.S. App. Vet. Claims LEXIS 379, at \*3. Echols then filed a timely appeal with this court.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is circumscribed by statute. Pursuant to 38 U.S.C. § 7292(a), we have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Except to the extent that a constitutional issue is presented, however, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Bastien v. Shinseki*, 599 F.3d 1301, 1305 (Fed. Cir. 2010); *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003).

Echols argues that the Veterans Court erred in affirming the board's determination that she was not entitled to an effective date prior to September 16, 2004. Although the effective date for an award of increased disability benefits generally cannot be earlier than the date the claim for increase was filed, a veteran can obtain an earlier effective date if it is "factually ascertainable" that the disability increased in the year prior to the date of the claim. *See* 38 C.F.R. § 3.400(O)(2). Here, however,

the Veterans Court affirmed the board's determination that the medical evidence did not show an increase in Echols' lower back disability prior to the date of her claim. Whether the medical evidence was sufficient to demonstrate an increase in the severity of Echols' condition is a factual determination which this court lacks jurisdiction to review. *See Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of . . . evidence is not within our appellate jurisdiction.").

Echols further contends that she made informal claims for an increased rating prior to September 16, 2004. *See* 38 C.F.R. § 3.155(a) (providing that "[a]ny communication or action" which demonstrates "an intent to apply for one or more [VA] benefits" can potentially qualify as an informal claim). In support, she argues that certain medical records qualify as informal claims because they show that she "sought medical treatment and pain medication throughout the 1990s until and including the present day." The Veterans Court, however, determined that the medical records cited by Echols did "not demonstrate that [her] disability had worsened from its non-compensable status" and therefore could not qualify as informal claims for an increased rating. *Veterans Court Decision*, 2013 U.S. App. Vet. Claims LEXIS 379, at *2. Specifically, the court concluded that none of the medical records relied upon by Echols established "range-of-motion limitations or the other qualifications for a 10% rating." *Id.* As noted previously, we have no jurisdiction to review the factual question of whether Echols' medical records were sufficient to establish a compensable increase in her lower back disability.

In her informal appeal brief, Echols argues that the Veterans Court "did not comprehend the clearly erroneous standard" and "fail[ed] to interpret the law, statutes and regulations properly in considering whether or not" she was entitled to an earlier effective date. In substance, however, Echols' appeal does not involve any issue of

statutory or regulatory interpretation, but instead presents only challenges to the factual underpinnings of the decision denying her an earlier effective date. *See Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court . . . is not controlling; we must look to the true nature of the action."). Accordingly, we dismiss her appeal for lack of jurisdiction.

## DISMISSED