NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGINALD D. JOHNSON,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs**
*Respondent-Appellee.*

---

2014-7057

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2230, Judge William Greenberg.

---

Decided: July 11, 2014

---

REGINALD D. JOHNSON, of Birmingham, Alabama, pro se.

ERIC E. LAUFGRABEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director. Of counsel on

the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LOURIE, LINN, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Reginald D. Johnson ("Johnson") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("the Board") denying Johnson's claim for benefits after finding that he was not entitled to service connection for low back disability. *See Johnson v. Shinseki*, No. 12-2230, 2013 WL 6825562 (Vet. App. Dec. 27, 2013) ("*Opinion*"). Because Johnson's arguments on appeal concern only challenges to factual determinations and the application of statutes to the facts of this case, we lack jurisdiction to decide Johnson's appeal and dismiss.

## I. ANALYSIS

Johnson first argues that the Board ignored 38 U.S.C. § 5107(b), which requires that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." A January 2011 examination by the Department of Veterans Affairs ("VA") concluded that Johnson's low back disability was service connected, however a September 2011 VA examination—the only examination that considered an automobile accident in which Johnson was involved, his lack of low-back-pain complaints between 1982 and 1987, and an intervening 1998 injury—concluded that the low back disability was not service related. The Board concluded that the September 2011 VA examination therefore was more probative and that therefore the

evidence in favor of Johnson's claim was not equivalent to the evidence against his claim. *Opinion* at 4. Because the evidence was not in "equipoise," Section 5107(b) does not apply. *Fagan v. Shinseki*, 572 F.3d 1282, 1287 (Fed. Cir. 2009).

Johnson challenges not the validity or interpretation of Section 5107, but rather how the Board applied it to the facts of this case. Congress has instructed that this court "may not review . . . a challenge to a law or regulation as applied to the facts of a particular case." *Wanless v. Shinski*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). A challenge of the Board's determination itself—that the preponderance of the evidence is against Johnson's claim and that therefore Section 5107(b) is inapplicable—is solely a challenge of the application of Section 5107(b) to the facts of the case. *See Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001). We therefore lack jurisdiction over this challenge.

Johnson next argues that the Board failed to consider all of the evidence. Johnson contends that the Board, while noting that he complained of hearing loss, head injury, and leg cramps at his separation examination, did not mention his "'chronic' low back pain." Appellant's Br. 6. However, the Board explicitly recognized Johnson's 1982 complaints of low back pain and that at his 1987 separation examination, Johnson indicated that he did not suffer from "recurrent back pain." *Opinion* at 2; J.A. 10–11; J.A. 40. The Board then detailed the subsequent medical examinations and explained why it concluded the September 2011 examination was the most probative examination Johnson received. *Opinion* at 4; J.A. 11–15.

Here again, Johnson's challenge is outside of our jurisdiction. Considering Johnson's contention—that the Board failed to comply with 38 U.S.C. § 7104(d)(1), which requires that the Board provide a "written statement of the Board's findings and conclusions . . . on all material

issues of fact and law presented on the record"—is something that "cannot be performed without reviewing the application of the law to facts." *Cook v. Principi*, 353 F.3d 937, 941 (Fed. Cir. 2003). Such a review is outside of our jurisdiction. *Id.*

## II. CONCLUSION

For the foregoing reasons, we lack jurisdiction over Johnson's appeal and therefore dismiss.

## **DISMISSED**

### III. COSTS

Each party shall bear its own costs.