NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**JOE A. VANN, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, Secretary of Veterans Affairs,**
*Respondent-Appellee*

———————————

2014-7119

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-0932, Judge Coral Wong Pietsch.

———————————

Decided: April 14, 2015

———————————

JOE A. VANN, JR., Tulsa, OK, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., KIRK T. MANHARDT; DAVID J. BARRANS, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Joe A. Vann, Jr. appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") that denied service connection for Vann's lower back pain. Because Vann challenges only factual determinations or application of the law or regulations to the facts, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Vann served on active duty in the United States Army from September 1973 to May 1974. Vann claims that he injured his back during basic training, and first sought treatment in January 1974. Vann stated that he had experienced chronic back pain since November 1973, but the treating physician noted that x-rays taken at the time were "essentially negative." *Vann v. Gibson*, No. 13-0932, 2014 U.S. App. Vet. Claims LEXIS 979, at *2 (Vet. App. June 6, 2014). Service records show that Vann had previously suffered from a bladder infection that led to similar pain in his back. Vann also had a prior history of cystitis and endured occasional pain in the left hip. During his April 1974 service separation examination, Vann reported no recurrent back pain and his clinical examination identified no abnormalities with his back.

Vann subsequently injured his back in a November 1996 accident at work when he slipped on ice. His doctor diagnosed Vann with "acute lumbosacral sprain with right sciatica and an acute cervical sprain with cephalgia," leading to an abnormal range of motion in his back. *Id.*

Vann underwent a Veterans Affairs ("VA") examination in July 1998 in light of his claims for non-service connected pension benefits. Vann reported continued back and leg pain due to his service injury and his fall at work. The examiner diagnosed Vann with a chronic lumbar spine strain, but imaging tests revealed that his disc spaces and vertebral body heights were preserved. In August 1998, the VA regional office denied his claim for non-service connected benefits, and Vann did not appeal the decision.

From September 1998 through February 2010, Vann continued to seek treatment for his lower back pain. A January 1999 report by a private physician noted that Vann's lower back pain was initially caused by the job-related injury in 1996, and was exacerbated by a May 1998 automobile accident. A September 1999 VA examination report diagnosed Vann with degenerative disk disease of the lumbosacral spine.

Vann filed a claim in December 2003 for service connected benefits due to his lower back pain. The regional office denied his claim, and Vann did not appeal. Vann continued to seek treatment for his lower back pain, and VA examiners, in 2007, identified a limited range of motion in his spine. Vann then attempted to reopen his prior claim for benefits, but the regional office found that Vann failed to submit new and material evidence. Vann submitted a Notice of Disagreement, and the regional office reopened his claim on June 2010 but denied his claim on the merits. On appeal, the Board remanded Vann's claim with instructions for the VA to provide Vann with a new examination.

In September 2011, Vann underwent a comprehensive examination for his chronic lower back pain. The examiner reviewed Vann's medical history and diagnosed Vann with mild degenerative disk disease. Vann stated that his back had consistently bothered him, dating back to his

basic training activities in 1973. An x-ray revealed de-
generative changes to the spine, but no evidence of frac-
tures or dislocations. Vann could not move his back, so
the examiner could not perform range of motion testing,
but the examiner found "no localized tenderness, pain to
palpation, guarding, muscle spasm, weakness, or fixed
deformity." *Id.* at *5. The examiner identified mild loss
of vertebral height for one vertebrae, but the remainder of
vertebrae were normal. The examiner concluded that it
was unlikely that an injury during military service caused
Vann's lower back pain, in part because x-rays taken in
November 1973 were essentially negative and because of
his prior history of bladder infection and cystitis. The
examiner instead concluded that normal wear and tear
due to age and Vann's prior occupation as a truck driver
likely caused his injuries. A January 2012 addendum to
the examiner's report noted that her opinion did not
change in light of new evidence, and that normal aging
and his prior injuries due to the 1996 job accident and
1998 automobile accident were still the most likely cause
of his lower back pain.

The Board denied Vann's request for service connec-
tion in a December 17, 2012 opinion. The Board found
that Vann's "current low[er] back disorder is not related
to his military service or to any incident therein." Joint
Appendix 17. After comprehensively reviewing Vann's
medical history, the Board first noted that Vann's state-
ments regarding his back pain were internally incon-
sistent. Vann first complained of back pain in 1973, but
evidence in the record demonstrated a twenty-two year
gap until his next report of back pain due to the 1996
work injury. Further, Vann denied any lower back pain
during his separation examination, and he previously told
VA examiners that his lower back pain dated to 1996.
The Board also found that the medical evidence of record,
especially the 2011 examiner's report, showed that other
post-service injuries and normal wear and tear of age and

his employment as a truck driver, not any basic training injury, most likely caused Vann's lower back pain.

Vann appealed the Board's decision to the Veterans Court. Vann argued that the Board failed to consider all evidence of record by ignoring evidence of Vann's hip pain during service and his testimony of continuity dating back to basic training. Vann also argued that the September 2011 examination was inadequate because the examiner failed to provide an adequate rationale for her opinion. The Veterans Court first concluded that the Board had not clearly erred in finding no service connection. *Vann*, No. 13-0932, 2014 U.S. App. Vet. Claims LEXIS 979, at *9–11. The court noted that the Board discussed Vann's in-service back and hip pain, and fully analyzed Vann's service and post-service medical records. *Id.* at *11. According to the Veterans Court, the Board also correctly considered Vann's lay testimony regarding continuity of his injury, but found his statements to not be credible due to inconsistencies. *Id.* at *11–12. The court further concluded that Vann's arguments regarding the Board's treatment of the medical evidence in the record constituted "nothing more than a disagreement with how the Board weighed the evidence of record." *Id.* at *12. And the court found that the Board's statement that the 2011 examiner's report was the "most salient and relevant evidence," did not indicate that the Board ignored favorable evidence. *Id.* at *13. Finally, the court determined that the Board did not clearly err in finding that the 2011 examination was adequate. *Id.* at *14–16. The court held that the examiner thoroughly reviewed Vann's claim file and adequately discussed both the evidence on record and her rationale. *Id.* at *15–16.

Vann timely appealed to this court on November 18, 2014.

DISCUSSION

The scope of our review of the Veterans Court's decision is limited by statute. Pursuant to 38 U.S.C. § 7292(c) (2012), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." We are to "hold unlawful and set aside a regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon" by the Veterans Court if we find the regulation "to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
>
> (D) without observance of procedure required by law."

*Id.* at § 7292(d)(1). We may not, however, review "a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case" except "to the extent an appeal . . . presents a constitutional issue." *Id.* at § 7292(d)(2).

On appeal, Vann argues that the VA does not "understand what really happened to me and how I was treated as a young 17 year old soldier." Pet'r's Informal Br. at 1. Vann states that he was "[permanently] injured in training trying to do the right thing," and that he has "severe anxiety that occurred in the military that I suffer [with] daily." *Id.* Vann claims that his injury was "ignored by

the medical staff in basic training," and "was told to finish training or be recycle[d]." *Id.* at 2.[1]

Vann fails to appeal any issue over which we have jurisdiction. Regarding Vann's complaints of anxiety, Vann, who at the time was represented by counsel, failed to raise that issue before either the Board or the Veterans Court. We generally do not decide issues that a petitioner failed to raise before the Veterans Court. *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc).

As for the Veterans Court and Board's analysis of Vann's lower back pain, Vann argued to the Veterans Court that the Board failed to sufficiently consider all evidence of record, and the September 2011 examination was inadequate. These arguments, as the Veterans Court correctly identified, involve either purely factual determinations or, at most, application of law or regulations to the facts. The Board's weighing of the evidence and finding of no service connection are questions of fact that we lack jurisdiction to review. *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed

---

[1]    Vann also checked a box on his informal brief indicating that the Veterans Court decided a constitutional issue. Vann did not, however, raise any constitutional arguments and the Veterans Court decision did not discuss any constitutional considerations. As Vann's appeal focuses entirely on the merits of the Veterans Court decision, his characterization of his appeal as involving constitutional issues does not control our jurisdiction. *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (finding that an appellant's characterization of an argument as constitutional is not dispositive when the underlying argument fails to raise "a separate constitutional issue").

to the discretion of the fact-finder.").  The adequacy of a medical examination and medical opinion are also questions of fact that we lack jurisdiction to review.  *See, e.g.*, *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact."); *Cook v. Principi*, 353 F.3d 937, 940–41 (Fed. Cir. 2003) (finding that the sufficiency of the Board's statement of the reasons for its decisions includes the application of law to facts).  Even broadly construing Vann's pro se appeal to our Court and the arguments made by his counsel to the Veterans Court, Vann fails to raise any argument or issue that we have jurisdiction to consider on appeal.  Because we are without jurisdiction to review Vann's appeal, we must dismiss his appeal for want of jurisdiction.

## DISMISSED

### COSTS

No costs.