NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DWYANE C. LYMORE,**
*Claimant-Appellant*

**v.**

**PETER O'ROURKE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1230

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4415, Judge Mary J. Schoelen.

---

Decided: July 13, 2018

---

DWYANE C. LYMORE, Orlando, FL, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Dwyane C. Lymore appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which (1) vacated and remanded the Board of Veterans' Appeals' ("Board") denial of benefits for lack of service connection for his human immunodeficiency virus ("HIV"), and (2) affirmed the Board's denial of benefits for lack of service connection for lymphoma. *See Lymore v. Shulkin*, No. 15-4415, 2017 WL 3686752, at *3–5 (Vet. App. Aug. 24, 2017). Because we lack subject matter jurisdiction, we dismiss.

## DISCUSSION

### I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may "review and decide any challenge to the validity of any statute or regulation or any interpretation there-of . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). Absent a legitimate constitutional issue, we lack subject matter jurisdiction over an appeal that raises "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki,* 618 F.3d 1333, 1336 (Fed. Cir. 2010).

### II. We Lack Jurisdiction over Mr. Lymore's Appeal

Mr. Lymore's appeal involves neither the interpretation of a statute or regulation nor a constitutional issue;

instead, Mr. Lymore challenges only factual determinations that we may not review. *See* Appellant's Br. 1–2.[1] Specifically, Mr. Lymore contends that a medical examiner did not take all material facts into consideration, *see id.* at 1 ("Material facts are presented within veteran[']s service records adding to the plausibility of the claimant, which the medical examiner could not have taken into consideration . . . ."), and requests we vacate, *see id.* at 2 (requesting we "[v]acate the [the Veterans Court's] decision, [or] if it is not possible[,] force the [Veterans] Court to consider all material facts[] and provide[ an] in[-]depth explanation [of] why [the] material facts are not plausible"). However, we have no jurisdiction to review a challenge to the sufficiency of evidence. 38 U.S.C. § 7292(d)(2); *see Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the

---

[1]  Mr. Lymore does not specify whether his arguments relate to his HIV claim or his lymphoma claim. *See* Appellant's Br. 1–2.  Either Mr. Lymore appeals the Veterans Court's remand of his HIV claim, *see Lymore*, 2017 WL 3686752, at *4 (remanding Mr. Lymore's HIV claim "because the Board did not discuss [a 1992 medical record]," and stating that the Board should "discuss in the first instance" Mr. Lymore's allegations that there were "discrepancies in his HIV diagnosis"), or its denial of his lymphoma claim, *id.* at *5 (affirming the Board's decision denying service connection for lymphoma because Mr. Lymore "ha[d] not demonstrated error in the Board's analysis" and "the Board's reliance upon [a 2014 medical] examination [wa]s not clearly erroneous").  Regardless, in both instances, Mr. Lymore's challenge to the Veterans Court's factual findings or application of law to fact is beyond the jurisdiction of this court. *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003).

underlying question is one of fact."); *Cook*, 353 F.3d at 940.

Mr. Lymore also argues that the U.S. Department of Veterans Affairs ("VA") has not complied with its duty to assist him in developing his claims. *See* Appellant's Br. 1 ("This case has span[ned] over [nineteen] years, without a duty to assist in development of the claim[, such] that the material facts have been neglected. Information has been overlooked . . . ."); *see* 38 U.S.C. § 5103A(a)(1) ("The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit . . . ."). The Board determined that the VA made reasonable efforts to assist Mr. Lymore and that the record evidence was sufficient to assess Mr. Lymore's claims. *See* Appellee's App. 14. However, whether additional records were necessary to adjudicate a veteran's claim is a factual inquiry that we lack jurisdiction to review. *See DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008).

CONCLUSION

We do not have jurisdiction to review this appeal. Accordingly, Mr. Lymore's appeal from the U.S. Court of Appeals for Veterans Claims is

**DISMISSED**

COSTS

No costs.