NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEON H. MCCORMICK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1752

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3242, Judge William S. Greenberg.

---

Decided: November 3, 2022

---

LEON HARDY MCCORMICK, Petersburg, VA, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; RICHARD STEPHEN HUBER, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Leon H. McCormick, a veteran of the Korean War, was diagnosed with asbestosis with pulmonary nodules and sought compensation for his disability from the Department of Veterans Affairs. The Board of Veterans' Appeals ("Board") found that Mr. McCormick's condition, though service connected, did not entitle him to compensation, and the United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed. Because Mr. McCormick raises no colorable constitutional questions on appeal, and all his other challenges would require us to review factual determinations, the application of law to facts, or decisions in other proceedings not properly part of this appeal, we lack jurisdiction. *See* 38 U.S.C. § 7292(a), (d)(2). We *dismiss.*

## BACKGROUND

Mr. McCormick served in the Air Force between 1952 and 1953 during the Korean War. Mr. McCormick suffers from asbestosis—a lung disease caused by the inhalation of asbestos fibers. The VA has determined that his condition is service connected, but with a 0% disability rating.

Under VA regulations, a veteran with service-connected asbestosis is entitled to a compensable rating when his or her lung capacity falls below 80 percent of predicted capacity as measured by forced vital capacity or diffusion capacity for carbon monoxide. *See* 38 C.F.R. § 4.97 (2020). Between 2014 and 2019, Mr. McCormick's lung capacity was tested four times. In all but one of those tests, Mr. McCormick's lung capacity exceeded the threshold under which he would be entitled to a compensable rating. In one of those pulmonary function tests, however, administered in July 2016, Mr. McCormick showed notably weaker lung

capacity, in the compensable range under both relevant metrics.

In January 2018, the VA denied Mr. McCormick's request for compensation for his asbestosis. Mr. McCormick filed a notice of disagreement with the agency, and ultimately an appeal with the Board. In July 2019, the Board denied Mr. McCormick's request for a higher rating. The Board recognized that Mr. McCormick's July 2016 test had shown his lung function to be "significantly worse than [the] other test findings" reflected, but concluded that, in light of Mr. McCormick's "overall medical history," the result was "an outlier." S.A. 34–35.

On appeal at the Veterans Court, the parties jointly moved to remand the case in light of what they agreed was an inadequate explanation by the Board for rejecting the July 2016 test results. The court granted the motion. On remand, the VA asked a medical examiner if the July 2016 pulmonary tests accurately represented Mr. McCormick's asbestosis. The physician, a general practitioner and specialist in obstetrics and gynecology, concluded that the 2016 results "were spurious" and inconsistent with other evidence of Mr. McCormick's medical condition. S.A. 18.

In January 2021, the Board reweighed the evidence and, relying in part on the medical examiner's report, again denied Mr. McCormick's claim for a higher rating for his asbestosis.

Mr. McCormick appealed to the Veterans Court. Finding no clear error in the Board's decision, the court affirmed. This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. "[A]bsent a constitutional issue, [we] may not review challenges to factual determinations or challenges to the application of a law or regulation to facts." *Cook v. Principi*, 353 F.3d 937,

939 (Fed. Cir. 2003).  Mr. McCormick has not raised an issue over which we have jurisdiction.

Mr. McCormick has not pointed to a statutory or regulatory interpretation by the Veterans Court with which he disagrees.  He contends that the Board failed to comply with the Veterans Court remand, violated its duty to review the entire record, and reached its decision based on an incomplete Disability Benefits Questionnaire.  *See* Appellant's Informal Br. Doc. 2 at 3–4.  He also asserts that the VA appointed an inadequate medical examiner, failed to assist him properly in pursuing his claim, and ignored factual findings in his favor.  *Id.*  All of those arguments either address factual determinations or "reduce[] to" challenges to the "application of the law to facts."  *Cook*, 353 F.3d at 937.

Mr. McCormick also raises several issues unrelated to the Veterans Court decision that he has appealed, primarily related to another claim for service-connected disability and the agency's appointment of a fiduciary on his behalf.  *See* Appellant's Informal Br. Doc. 2 at 3–4.  We lack jurisdiction to consider challenges to decisions other than those rendered by the Veterans Court in this case.  *See* 38 U.S.C. § 7292(a).

Finally, Mr. McCormick argues that he was denied due process under the Fourteenth Amendment, but does not explain how.  *See* Appellant's Informal Br. Doc. 2 at 2; Appellant's Informal Reply Br. 2.  Bare invocations of the Constitution do not suffice to grant us jurisdiction, "and this is not a case where a constitutional claim is apparent in the absence of explanation."  *Booker v. McDonough*, No. 2021-1566, 2021 WL 3871966, at *3 (Fed. Cir. Aug. 31, 2021); *see Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("To the extent that [the veteran] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is constitutional in name only. . . . [The veteran's] characterization of [a]

question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

## CONCLUSION

We dismiss Mr. McCormick's appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.