# United States Court of Appeals for the Federal Circuit

2007-7108

MARGARITA DELAROSA,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Louis J. George, National Veterans Legal Services Program, of Washington, DC, argued for claimant-appellant. With him on the brief were Barton F. Stichman and Christine M. Cote.

Martin F. Hockey,Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Mark A. Melnick, Assistant Director, and Marla T Conneely, Attorney. Of counsel on the brief were David J. Barrans, Assistant General Counsel and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

# United States Court of Appeals for the Federal Circuit

2007-7108

MARGARITA DELAROSA,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1225, Judge Robert N. Davis.

_____

DECIDED:  January 31, 2008

_____

Before RADER, PROST, and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

Margarita DeLaRosa (Mrs. DeLaRosa), the widow of veteran Albert DeLaRosa (Mr. DeLaRosa), appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court), which affirmed an April 14, 2004, Board of Veterans' Appeals (Board) decision denying her claim for dependency and indemnity compensation (DIC), i.e., service-connected death benefits.  <u>DeLaRosa v. Nicholson</u>, 21 Vet. App. 418 (2006).  We affirm.

## I. BACKGROUND

Mr. DeLaRosa served on active duty from May 1967 to March 1970, including combat service in Vietnam. He married Mrs. DeLaRosa in 1980. The couple separated in early 1994. Mr. DeLaRosa died from a gunshot wound to the head as the result of suicide after killing his daughter in July 1994.

Six years after Mr. DeLaRosa's death, in April 2000, Mrs. DeLaRosa filed a DIC claim with the Department of Veterans Affairs (VA). The VA has defined DIC as a monthly payment made by the VA to a surviving spouse, child, or parent "[b]ecause of a service-connected death occurring after December 31, 1956." 38 C.F.R. § 3.5(a)(1). Mrs. DeLaRosa contended that Mr. DeLaRosa had post-traumatic stress disorder (PTSD) due to his combat service and that the PTSD led to the suicide. Mrs. DeLaRosa submitted lay testimony from another daughter and from a co-worker of Mr. DeLaRosa, both of whom discussed Mr. DeLaRosa's combat and post-service experiences. Mrs. DeLaRosa also submitted a medical opinion from Dr. John H. Fullerton, an internist and geriatrician, stating that he believed that Mr. DeLaRosa may have suffered from undiagnosed and untreated PTSD, which may have originated from his combat service and led to his violent behavior. This medical opinion was issued six years after Mr. DeLaRosa's death, and was based upon prolonged discussions with Mrs. DeLaRosa.

In December 2000, a VA regional office (RO) denied Mrs. DeLaRosa's DIC claim because there was no confirmed diagnosis of PTSD. Mrs. DeLaRosa appealed the RO decision to the Board and the Board denied her claim. The Board found that Mr. DeLaRosa was never diagnosed with a psychiatric condition during his lifetime and that

"[t]here [was] no medical evidence from the veteran's lifetime that he had PTSD." In re DeLaRosa, No. 03-14 001, slip op. at 7 (Bd. Vet. App., Apr. 14, 2004). The Board affirmed the RO's findings and concluded that "the available evidence shows that the most obvious reasons for the veteran's suicide [were] the bitter dispute with his wife and his killing of his own daughter." Id. at 8. The Board also determined that Dr. Fullerton's medical opinion was entirely speculative and without probative value, and that the various lay statements submitted by Mrs. DeLaRosa, suggesting that Mr. DeLaRosa's suicide was caused by PTSD, did not constitute competent medical evidence. The Board concluded that Mr. DeLaRosa did not have a service-connected psychiatric disorder that caused or contributed to his suicide. Mrs. DeLaRosa appealed the Board decision to the Veterans Court.

The Veterans Court affirmed the Board's decision, determining that the Board's conclusion that there was no basis for service connection for the cause of Mr. DeLaRosa's death was not clearly erroneous. The Veterans Court also determined that the VA was not required to obtain a medical opinion as part of its duty to assist under 38 U.S.C. § 5103A because there was no valid diagnosis of PTSD and because the record contained no evidence of a causal connection between Mr. DeLaRosa's military service and the cause of his death. The Veterans Court entered judgment, and this appeal followed.

## II. DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof

(other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2). We review interpretation of statutes and regulations by the Veterans Court de novo. Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006).

Both parties agree that the Veterans Court committed an error of law by analyzing Mrs. DeLaRosa's DIC claim under subsection (d) of 38 U.S.C. § 5103A, rather than under subsection (a). However, the parties disagree as to the effect of this error. The relevant subsections of 38 U.S.C. § 5103A, which outlines the Secretary's duty to assist a claimant, provide:

> (a) Duty to assist.
>> (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary.
>> (2) The Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim . . . .
> (d) Medical examinations for compensation claims.
>> (1) In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim. . . .

Mrs. DeLaRosa contends that the VA's duty to obtain a medical opinion under 38 U.S.C. § 5103A(d) does not apply to a DIC claim, but that the VA had a duty under 38 U.S.C. § 5103A(a) to obtain a medical opinion to help substantiate her DIC claim. The Government agrees that the VA's duty to obtain a medical opinion under § 5103A(d) does not apply to a DIC claim. However, the Government contends that § 5103A(a) cannot be read to require the Secretary to provide a medical examination or opinion, because that reading would obviate the need for § 5103A(d). We agree with the Government.

38 U.S.C. § 5103A(a)(1) provides a general requirement in all cases for the VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a [VA] benefit." In contrast, 38 U.S.C. § 5103A(d)(1) requires that "[i]n the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim . . . ." Section 5103A(d)(1) explicitly limits its applicability to claims for disability compensation.[1] If § 5103A(a)(1) always required the Secretary to assist a claimant with providing a medical examination or opinion, then § 5103A(d)(1) would be rendered meaningless. "It is a long-held tenet of statutory interpretation that one section of a law should not be interpreted so as to render another section meaningless." Princess Cruises, Inc. v. United States, 201 F.3d 1352, 1362 (Fed. Cir. 2000). Therefore, we hold that 38 U.S.C. § 5103A(a) does not

---

[1] The VA has defined the term "disability compensation" as a monthly payment made by the VA to a veteran "if the veteran is disabled as a result of a

always require the Secretary to assist the claimant in obtaining a medical opinion or examination. Under § 5103(A)(a), the Secretary only needs to make reasonable efforts to assist a claimant in obtaining a medical opinion when such opinion is "necessary to substantiate the claimant's claim for a benefit."

The Board made a factual finding that a medical opinion was not necessary to decide the claim under § 5103A(d). In re DeLaRosa, No. 03-14 001, slip op. at 6 (Bd. Vet. App., Apr. 14, 2004). Here, the Board determined that there was no medical evidence of PTSD during the veteran's lifetime and that his suicide was the result of willful misconduct, not unsound mind. Our jurisdiction precludes us from reviewing factual findings or even the application of law to facts. In light of the Board's finding that the even more restrictive § 5103A(d) did not require the Secretary to provide a medical opinion and our holding that § 5103A(a) does not always require the Secretary to obtain a medical opinion, we conclude that the Veterans Court's application of § 5103A(d) was harmless error.

Additionally, Mrs. DeLaRosa argues that the Veterans Court misinterpreted 38 C.F.R. § 3.302, which explains circumstances under which suicide will be considered to have resulted from mental unsoundness rather than from "willful misconduct." A finding of the latter would bar entitlement to benefits based upon the veteran's death. See 38 C.F.R. § 3.303(a). The relevant subsection of § 3.302 provides:

> (b) Evidence of mental condition. (1) Whether a person, at the time of suicide, was so unsound mentally that he or she did not realize the consequence of such an act, or was unable to resist such impulse is a question to be determined in each individual case, based on all available

---

personal injury or disease . . . while in active service if the injury or the disease was incurred or aggravated in line of duty." 38 C.F.R. § 3.4(a), (b)(1).

lay and medical evidence pertaining to his or her mental condition at the time of suicide.

Mrs. DeLaRosa contends that the Veterans Court misinterpreted § 3.302 by requiring "a prior finding of service connection" during the veteran's lifetime for the regulation to apply. The Government counters that Mrs. DeLaRosa misinterprets the Veterans Court decision. Specifically, the Government contends that the Veterans Court did not expressly require an actual determination of service connection for a psychiatric condition prior to Mr. DeLaRosa's death, but required a determination of service connection for a psychiatric condition before service connection for mental unsoundness, if presumed from the suicide, could be established. The Veterans Court stated that "[s]ervice connection for mental unsoundness presumed as a result of suicide or a bona fide attempt, as addressed in § 3.302, may be granted only where a service-connected disability and the requirements for service connection are already established" and that "without a prior finding of service connection the provisions of § 3.302 are not applicable." DeLaRosa v. Nicholson, 21 Vet. App. 418 (2006).

We agree with the Government. Section 3.302 does not require that a determination of service connection for a mental disorder be made prior to the veteran's death to establish service connection for mental unsoundness, and the Veterans Court did not impose such a requirement. Rather, the Veterans Court required a determination of service connection for PTSD prior to the application of § 3.302.

For the foregoing reasons, the judgment of the Veterans Court is

<u>AFFIRMED</u>.

2007-7108                                7