DYK, Circuit Judge,
dissenting.
I respectfully dissent. The appellant is the widow of a deceased veteran who seeks to recover dependency and indemnity compensation (“DIC”) under 38 U.S.C. § 1310, which allows recovery when a “veteran dies ... from a service-connected or compensable disability.” 38 U.S.C. § 1310(a). She claims that her husband’s death was - caused by a service connected disability and that the Department of Veterans Affairs was required to assist her by provide ing a medical opinion as to the cause of. death.
The majority holds that the Board of Veterans’ Appeals (“Board”) and the Court of Appeals for Veterans Claims (“Veterans Court”) erred when they addressed ’ the latter issue because they applied 38 U.S.C. § 5103A(d), (which in some circumstances requires a medical examination of a claimant), rather than section 5103A(a), (which requires the Secretary of Veterans Affairs to seek a medical opinion when “necessary to substantiate the claimant’s claim”). I agree. But the majority goes on to hold that this error was harmful error and to require a remand. On this point I disagree.
It seems to me that the majority’s conclusion that the Veterans Court’s error was harmful is not consistent with our recent decision in DeLaRosa v. Peake, 515 F.3d 1319 (Fed.Cir.2008), which involved an identical issue. Contrary to the majority, I read this court’s opinion in DeLaRosa to have concluded that subsection (d) imposes a more favorable standard, and to have held that a remand was accordingly not required when the Board and the Veterans Court erroneously applied subsection (d) rather than (a) to determine whether to require a medical opinion. Id. at 1322. The DeLaRosa court’s holding that this error was harmless because the proper standard, under (a), would have been less favorable to the claimant than the standard applied, under (d), is apparent from the opinion. The court stated:
In light of the Board’s finding that the even more restrictive § 5103A(d) did not require the Secretary to provide a medi-'eal opinion and our holding that § 5103A(a) does not always require the Secretary to obtain a medical opinion, we conclude that the Veterans Court’s application of § 5103A(d) was harmless error.
Id. (citation omitted, emphasis added); see also id. at 1321-22 (concluding that subsection (a) does not always require the Department of Veterans Affairs to provide a medical opinion because such a construction would render (d) meaningless). This panel is bound by the court’s holding in DeLaRosa.
*1353 The majority dismisses DeLaRosa as holding “that the error was harmless because, as the Board noted, the record contained no competent evidence whatsoever” as to service connection. Maj. Op. at 1347-48. In other words, the majority attempts to distinguish DeLaRosa on the ground that there the facts were undisputed, whereas in this case they are not. In fact, in DeLaRosa, as here, there was a conflict in the evidence as to causation, and the Board had held the evidence insufficient to establish causation because the evidence favorable to the claimant “was ... without probative value.” DeLaRosa, 515 F.3d at 1321. I cannot read DeLaRo-sa as holding that the correct standard was more favorable and then exceeding our jurisdiction by determining whether the same factual result would have been reached using the correct standard. Such an interpretation of DeLaRosa would bring it into conflict with D’Amico v. West, 209 F.3d 1322, 1327 (Fed.Cir.2000) (holding that this court lacks jurisdiction to determine whether an error is harmless if that determination requires application of a legal standard to the facts of a particular case). In my view, DeLaRosa can be read only as holding that the correct standard of (a) is less favorable to the claimant than the standard of (d). So read, it is inconsistent not with DAmico, but with the majority opinion here.
Finally, I note that there is another legal issue in this case not addressed by the majority. But this issue was not properly raised on appeal. Mrs. Wood asserted for the first time at oral argument a regulatory construction argument regarding 38 C.F.R. § 3.312(c)(1),[1] which establishes the standard for when a service connected disability will be considered a contributory cause of death for purposes of determining entitlement to dependency and indemnity compensation (“DIC”). Mrs. Wood urges that the Veterans Court and the Board erred by stating that a disability must contribute substantially and materially to death, whereas the proper standard is whether it contributed “substantially or materially.” She contends that the term “materially” has an independent meaning different from “substantially,” that a disability may contribute “materially” even if it does not contribute “substantially,” and that neither the Board nor the Veterans Court separately considered whether a service-related disability contributed “materially” to her husband’s death under the proper definition of “materially.”
Mrs. Wood has not demonstrated that “substantially” and “materially” have different meanings, either in the context of this regulation or more generally. Indeed, the meanings of the two terms appear to be largely the same.[2] However, I would *1354 decline to decide the proper construction of “substantially or materially” in regulation section 3.312(c)(1) in this case’ because there is no indication that this issue was raised before either the Board or the Veterans Court and because it was not raised in the briefs in this court.
Under the circumstances, I would affirm the decision of the Veterans Court.

. The relevant text of the regulation provides:
Contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it causally shared in producing death, but rather it must be shown that there was a causal connection.
38 C.F.R. § 3.312(c)(1).

. Webster’s defines "material,” in relevant part, as "being of real importance or great consequence,” listing "substantial” as a synonym, Webster’s Third New Int’l Dictionary 1392 (2002), and defines "substantial” as "being of moment” or "being that specified to a large degree or in the main." Id. at 2280. Black’s Law Dictionary defines "material” as either "[h]aving some logical connection with the consequential facts” or "[o]f such a nature that knowledge of the item would affect a person’s decision-making process; significant; essential!.]” Black’s Law Dictionary 991 (7th ed.1999)