Citation Nr: 1504659 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 11-08 888 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death.

2. Entitlement to burial benefits.


ATTORNEY FOR THE BOARD

Evan M. Deichert, Counsel



INTRODUCTION

The Veteran served on active duty from March 1956 to October 1957. The Veteran died in September 2009. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a February 2010 decision from the Department of Veterans Affairs (VA) Regional Office (RO) and Pension Management Center in St. Paul, Minnesota. 

This case has an unorthodox procedural history. The Veteran died in September 2009; the appellant here-the Veteran's former spouse-filed a claim seeking burial benefits in December 2009. The RO denied this claim in a February 2010 decision. The appellant thereafter filed a notice of disagreement (NOD) with this denial. 

In addition to the claim for burial benefits, the appellant also filed an application for Dependency and Indemnity Compensation (DIC) benefits, death pension, and accrued benefits in December 2009. These claims were denied in a July 2010 rating decision. 

In February 2011, the RO issued a statement of the case (SOC) in response to the February 2010 NOD. As the issue of entitlement to burial benefits necessarily includes a discussion of whether the Veteran's death was related to his active service, this SOC addressed both the issue of entitlement to service connection for the cause of the Veteran's death as well as the issue of entitlement to burial benefits. The RO continued to deny both claims. The appellant thereafter filed a substantive appeal. 

This case was first before the Board in May 2014. With regard to the issues of entitlement to service connection for the cause of the Veteran's death and entitlement to burial benefits, the Board remanded these matters to seek additional records. The Board also determined that the March 2011 substantive appeal for the issue of entitlement to burial benefits should also be read as a NOD as to the denial of DIC benefits, death pension benefits, and accrued benefits. The Board accordingly remanded these issues in order that a SOC could be issued. 

Following remand, the RO completed the directives outlined by the Board in May 2014. Specifically, the RO either obtained or documented its attempts to obtain records relating to the claim of service connection for the cause of the Veteran's death and the claim for burial benefits. The RO issued a supplemental SOC as to these issues in November 2014. Thus, there has been substantial compliance with the Board's May 2014 remand directives, and such directives have been completed. Stegall v. West, 11 Vet. App. 268, 271 (1998).

With regard to the issues of entitlement to DIC benefits, death pension benefits, and accrued benefits, the RO issued a SOC in August 2014. The appellant did not file a substantive appeal, so these issues are not before the Board. 

That said, the issue of entitlement to service connection for the cause of the Veteran's death is one component of DIC benefits. In reviewing the claims file, it appears that the RO considered this issue alongside the issue of entitlement to burial benefits in an effort to determine all available avenues for allowing the claim for burial benefits. Though the appellant did not perfect an appeal specifically for DIC benefits, as the RO and the Board have treated the issue of entitlement to service connection for the cause of the Veteran's death as an independent claim, the Board shall analyze and discuss this issue as one on appeal. 

In summary, here is where the case stands: the issue of entitlement to burial benefits is clearly before the Board. The Board shall also consider the issue of entitlement to service connection for the cause of the Veteran's death, both in the context of establishing entitlement to burial benefits and in the context of freestanding service connection benefits themselves. 
FINDINGS OF FACT

1. At the time of his death, the Veteran was not survived by a spouse, a child, or parents as defined by VA laws and regulations. 

2. The Veteran died in September 2009 as a result of non-insulin-dependent diabetes mellitus and congestive heart failure.

3. At the time of his death, the Veteran was not service connected for any disease or disability.

4. There is no competent evidence linking any disability associated with the Veteran's death to his active service.

5. The Veteran's death occurred at a private nursing home or long term care facility. 

6. At the time of his death, the Veteran was not in receipt of VA disability compensation or pension, nor has it been suggested that, for the receipt of military retirement pay, he would have been in receipt of compensation. 

7. At the time of his death, the Veteran had no pending claims for VA disability compensation of pension.

8. The Veteran did not serve during a period of wartime, and his body is not being held by a State.



CONCLUSIONS OF LAW

1. Lacking a proper claimant, the criteria for service connection for the Veteran's cause of death have been met. 38 U.S.C.A. §§ 101, 1310 (West 2014); 38 C.F.R. §§ 3.1, 3.5, 3.50, 3.57, 3.312 (2014).

2. As a component of burial benefits, the criteria for service connection for the cause of the Veteran's death have not been met. 38 U.S.C.A. §§ 1131, 1310, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.312 (2014)

3. The criteria for burial benefits, either on a service-connected or nonservice-connected basis, have not been met. 38 U.S.C.A. § 2302 (West 2014); 38 C.F.R. §§ 3.1700-3.1713 (2014); 38 C.F.R. §§ 3.1600-3.1612 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and to Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014).

With regard to the underlying claim of entitlement to service connection for the cause of the Veteran's death, the application of the law to the undisputed facts is dispositive of this appeal. Thus, no discussion of VA's duties to notify and assist is necessary. See Mason v. Principi, 16 Vet. App. 129 (2002).

With regard to the burial benefits claim and to the issue of entitlement to service connection for the cause of the Veteran's death to establish entitlement to burial benefits, a November 2010 letter satisfied the duty to notify provisions. This letter included notification that the Veteran was not service connected for any disabilities during his lifetime, and it provided information on the evidence and information required to substantiate the claim based on a condition not yet service connected. Hupp v. Nicholson, 21 Vet. App. 342 (2007). Though this information was not provided prior to the initial adjudication in this matter, the appellant's case was thereafter readjudicated, including in a February 2011 SOC. 

With regard to the duty to assist, VA treatment records and records of the Veteran's private medical treatment have been obtained. The Veteran's service treatment records and service personnel records, however, are not available for review. In September 2010, the National Personnel Records Center indicated that these records were not available and were likely destroyed in a fire. In view of this information, the Board finds that it is reasonably certain that such records do not exist and that further efforts to obtain the records would be futile. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c)(2).

Further, in its May 2014 remand, the Board directed that records of the Veteran's in-service treatment in Germany and records from the Social Security Administration be obtained. In 2014, attempts by the RO to obtain these records, however, were fruitless. Here again, the Board finds that it is reasonably certain that such records do not exist and that further efforts to obtain the records would be futile. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c)(2).

The general duty to assist provision, 38 U.S.C. § 5103A(a), rather than the provision specifically addressing when medical examinations are required in compensation claims, 38 U.S.C.A. § 5103A(d), is applicable to claims for service connection for the cause of a veteran's death. Wood v. Peake, 520 F.3d 1345 (Fed. Cir. 2008); DeLaRosa v. Peake, 515 F.3d 1319 (Fed. Cir. 2008). That general provision requires VA to make "reasonable efforts" to provide assistance, to include obtaining a medical opinion. Such assistance is not necessary only when "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C.A. § 5103A(a)(2).

Here, consistent with the statute and case law, the Board finds "no reasonable possibility" that obtaining a VA opinion would help substantiate the claim. The appellant herself denies that the Veteran's death was related to his active service, and there is no evidence in the claims file that connects any of the Veteran's causes of death to his active service. In the absence of such evidence, the Board finds that remanding the claim to obtain a VA medical opinion regarding the Veteran's death has no reasonable possibility of substantiating the claim.

The Board notes that the evidence already of record is adequate to allow resolution of the appeal. Hence, no further assistance to the appellant is required to fulfill VA's duty to assist in the development of the claim. 

Finally, with respect to the nonservice-connected burial benefits claim, the resolution of this issue is wholly dependent on interpretation of the applicable laws and regulations pertaining to basic eligibility for VA service-connected burial benefits. As such, the VCAA is inapplicable with respect to this issue. See Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Mason, 16 Vet. App. at 129; VAOPGCPREC 5-2004 (June 23, 2004).

II. Service Connection for the Cause of the Veteran's Death

As noted above, this claim has two components: first, the underlying issue of entitlement to service connection for the cause of the Veteran's death; and second, the issue of entitlement to service connection for the cause of the Veteran's death for the purpose of entitlement to burial benefits. 


As a Possible Death Benefit

As to the underlying claim, VA death benefits are payable to a defined class of claimants if a veteran died from a service-connected disability. 38 U.S.C.A. § 1310; 38 C.F.R. §§ 3.5, 3.312. The class of claimants eligible to receive benefits following the death of a veteran is limited to "the veteran's surviving spouse, children, and parents." 38 U.S.C.A. § 1310. 

To be recognized as the Veteran's surviving spouse for the purpose of establishing entitlement to VA death benefits, the appellant must be a person whose marriage to the Veteran meets the requirements of 38 C.F.R. § 3.1(j) and who was the spouse of the Veteran at the time of the Veteran's death. 38 U.S.C.A. § 101(3); 38 C.F.R. § 3.50(b)(1).

To be recognized as a child of the Veteran's for the purpose of establishing entitlement to VA death benefits, the appellant must be under the age of 18, have become permanently incapable of self-support before turning 18, be under 23 and pursuing an education, and be a legitimate child or legally adopted child who is a member of the Veteran's household at the time of his death. 38 U.S.C.A. § 101(4); 38 C.F.R. § 3.57. 

Given this legal framework, the underlying claim of entitlement to service connection for the cause of the Veteran's death must be denied, as no proper claimant for such an award exists. 

Over the history of this claim, four possible claimants have arisen: the Veteran's ex-wife (who is the appellant in this case), the Veteran's two adult daughters, and the Veteran's grandson. If the Veteran's parents had survived him, they could possibly be proper claimants; in a December 1994 VA treatment record, however, the Veteran indicated that both of his parents had died. 

First, with respect to the appellant, she is not eligible for benefits, as she is not considered a "surviving spouse" pursuant to VA law and regulation. The appellant was not married to the Veteran at the time of his death, a fact she noted in numerous letters and claims to VA. This fact alone bars her eligibility to receive compensation based on the Veteran's death. 

Next, with regard to the Veteran's adult children, the evidence shows that they are both over the ages of 18 and 23, the cut-off points for children in school. There is also no evidence that they were permanently incapable of self-support before the age of 18. 

In any case, neither the appellant nor the Veteran's adult children seek death benefits on their behalf. Instead, their letters to VA make it clear that they seek any available benefits for the Veteran's grandson. As to this contention, however, none of the regulations permit death benefits to be paid to a deceased veteran's grandchild. The only possible avenue to award such benefits would be if the Veteran had legally adopted his grandson and if his grandson was a member of his household at the time of his death. 38 U.S.C.A. § 101(4); 38 C.F.R. § 3.57. Neither criterion is met. Though the appellant suggests that the Veteran was providing support to his grandson, there is no evidence that this child was living with the Veteran at the time of his death or that he had been legally adopted by the Veteran prior to his death. Absent these circumstances, death benefits may not be payable to the Veteran's grandson. 

In their letters to VA, the appellant and the Veteran's adult daughters contend that the Veteran was medically discharged from the Army, that he suffered from drug addiction that began during his active service and resulted from wounds that he suffered during that service, and that VA and the government had been unwilling to help the Veteran or his family following his discharge.

The Board makes no findings as to the veracity of these contentions. While the Board is sympathetic to the appellant and her family, the Board is without authority to grant benefits simply because it might perceive the result to be equitable. See 38 U.S.C.A. §§ 503, 7104 (West 2014); Harvey v. Brown, 6 Vet. App. 416, 425 (1994). "No equities, no matter how compelling, can create a right to payment out of the United States Treasury which has not been provided for by Congress." Smith v. Derwinski, 2 Vet. App. 429, 432-33 (1992) (citing Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990)).

As neither the appellant nor any of the other possible claimants in this case meet the eligibility requirements for death compensation, service connection for the cause of the Veteran's death must be denied as a matter of law. 

As a Possible Burial Benefit

Having settled that issue, the Board must next determine whether the Veteran's death is related to his active service for purposes of entitlement to burial benefits. As discussed more fully below, burial benefits may be paid on either a service-connected or a nonservice-connected basis. 38 C.F.R. §§ 3.1704, 3.1705.

In order to establish service connection for the cause of the veteran's death, the evidence must show that a disability incurred in or aggravated by active service was the principal or contributory cause of death. 38 C.F.R. § 3.312(a). For a service-connected disability to be the principal cause of death, it must singly or with some other condition be the immediate or underlying cause of death or be etiologically related. Id. § 3.312(b). For a service-connected disability to constitute a contributory cause it must contribute substantially or materially; it is not sufficient to show that it casually shared in producing death, rather, it must be shown that there was a causal connection. Id. § 3.312(c). To establish service connection for the cause of a veteran's death, competent evidence must link the fatal disease to a period of military service or an already service-connected disability. 38 U.S.C.A. § 1310; 38 C.F.R. §§ 3.303, 3.312.

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Disabilities diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

To establish service connection, there must be evidence of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the claimant.

The Veteran's September 2009 death certificate indicates that he died of non-insulin dependent diabetes mellitus and congestive heart failure. 

The Veteran was not service connected for any disability or disease during his lifetime, let alone for the specific diseases of diabetes and congestive heart failure. 

Absent a service-connected disability, service connection for the Veteran's death may still be warranted if it is shown that his death was otherwise related to his active service. This undertaking is hampered by the lack of records in this case. The Veteran's service treatment records and service personnel records are unavailable, presumably lost in a 1971 fire. Records of his claimed in-service treatment in Germany in the late 1950s are also unavailable, a fact that is apparently due to the almost 60 year lag between this claim and his active service. 

That said, the basic contentions of the appellant are instructive. In her December 2009 claim for burial benefits, when asked whether the Veteran's cause of death was due to service, the appellant stated that it "probably" was. Later, however, in a January 2010 report of general information, the appellant changed her answer to "no." Thus, the appellant herself does not necessarily contend that the Veteran's death was related to his active service. 

Even if the Board were to read her contentions broadly, however, service connection for the cause of the Veteran's death would still not be warranted. 

In numerous letters and statements to VA, the appellant contends that the Veteran was injured in service, and that he became addicted to morphine as a result of that injury. She stated that the Veteran never received proper treatment for his underlying injury or for his drug addiction. 

Even assuming that this is true, there is no evidence whatsoever, either medical evidence from the Veteran's VA and private treatment providers or lay evidence from the appellant or her daughters, showing any connection between the Veteran's causes of death (diabetes and heart failure) and his active service. There is, quite simply, absolutely no evidence or suggestion of a link between the Veteran's causes of death and any events of his active service. Thus, even on the merits, there is no doubt to be resolved, and service connection is not warranted for the cause of the Veteran's death. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Conclusion

In summary, the underlying claim of entitlement to service connection for the cause of the Veteran's death must be denied because there is no proper claimant to whom benefits could be paid. In terms of determining whether the Veteran's death is service connected for potential burial benefits purposes, the evidence does not establish that the Veteran's death was in any way related to his active service. 

III. Burial Benefits

Effective July 7, 2014, VA amended its regulations governing entitlement to monetary burial benefits, which include burial allowances for service-connected and nonservice-connected deaths, a plot or interment allowance, and reimbursement of transportation expenses. Specifically, VA removed the current regulations (38 C.F.R. §§ 3.1600 through 3.1612) and replaced them with new §§ 3.1700 through 3.1713.

The final rulemaking is applicable to claims for burial benefits pending on or after July 7, 2014. While section 3.1702 explains that provisions regarding automatic payments to surviving spouses and priority of payments apply only to claims VA receives on or after July 7, 2014, the matter at hand does not involve the provisions regarding automatic payments to surviving spouses or priority of payments.

As this claim was pending at the time of the regulation change, the Board shall analyze the claim under both the old and the new regulations. Further, as analyzed above, the Veteran's death was not due to a service-connected condition. Thus, only the nonservice-connected burial benefits regulations are for potentially application and service-connected burial benefits are not warranted. 

Under the previous regulations, in the case of a nonservice-connected death, entitlement to burial benefits is based upon the following conditions: (1) at the time of death, the veteran was in receipt of pension or compensation; or, (2) the veteran had an original or reopened claim for either benefit pending at the time of the veteran's death and in the case of a reopened claim there is sufficient prima facie evidence of record on the date of the veteran's death to show entitlement; or (3) the deceased was a veteran of any war or was discharged or released from active military, naval, or air service for a disability incurred or aggravated in line of duty, and the body of the deceased is being held by a State. U.S.C.A. § 2302(a) (West 2002); 38 C.F.R. § 3.1600(b) (2013).

Burial benefits may also be paid if a person dies from nonservice-connected causes while "properly hospitalized" by VA (in a VA or non-VA facility). 38 C.F.R. § 3.1600(c) (2013). Finally, if a Veteran dies en route while traveling under proper prior authorization and at VA expense to or from a specified place for purpose of examination, treatment, or care, burial expenses will be allowed as though death had occurred while properly hospitalized by VA. 38 C.F.R. § 3.1605(a) (2013).

The new regulation regarding nonservice-connected burial benefits is found at 38 C.F.R. § 3.1705. That regulation provides that a burial allowance is payable for a veteran who, on the date of his death: (1) was receiving VA pension or disability compensation; (2) would have been receiving disability compensation but for the receipt of military retired pay; or (3) had a pending claim for benefits, a claim to reopen a previously denied claim, or a claim involving substitution, any of which if processed to completion would result in a grant of benefits. 

As with the old regulation, burial allowance is also warranted for a veteran who died while hospitalized by VA or who died while traveling under proper prior authorization, and at VA expense, to or from a specified place for purpose of examination, treatment, or care. 38 C.F.R. § 3.1706. 

In this case, the evidence shows that the Veteran died in September 2009. He died while at Tacoma Rehabilitation, a non-VA nursing home or long term care facility. The appellant, the Veteran's ex-wife, paid the expenses for his cremation. 

The record reflects that, at the time of his death, the Veteran was not in receipt of VA compensation or pension benefits. The Veteran also did not have a claim pending prior to his death, and there is no evidence that his body was held by a State because no next of kin could be located.

Under these circumstances, non-service connected burial benefits are not warranted under either the old or new regulations. Under the old regulation, the claim fails both because the Veteran was not in receipt of pension or compensation benefits, and because the Veteran did not have a claim pending at the time of his death. Though the appellant contends that the Veteran received a medical discharge, as there is no evidence that his body was held by a State, this fact alone does not warrant awarding burial benefits. 38 C.F.R. § 3.1600(b) (2013).

Under the new regulations, the appellant's claim fails because the Veteran was not receiving VA pension or disability compensation, because there is no evidence that he would have been receiving disability compensation if not for the receipt of military retired pay, and because the Veteran did not have a claim pending at the time of his death. 38 C.F.R. § 3.1705(b).

As there is also no evidence that the Veteran died in a VA facility or while being transported to or from such a facility, burial benefits are also not warranted under 38 C.F.R. § 3.1605(a) (2013), or 38 C.F.R. § 3.1706.

The Board acknowledges and appreciates the Veteran's honorable military service and is sympathetic to the loss his family has suffered. The payment of burial benefits, however, is strictly based on specific statutory and regulatory guidelines, which have not been met in this case. There being no doubt to be resolved, entitlement to nonservice-connected burial benefits is not warranted.


ORDER

Service connection for the cause of the Veteran's death is denied. 

Burial benefits are denied.




____________________________________________
RYAN T. KESSEL 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs