Citation Nr: 1513790 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-11 649 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: South Carolina Office of Veterans Affairs


ATTORNEY FOR THE BOARD

A. Dixon, Associate Counsel




INTRODUCTION

The Veteran had active service from August 1967 to March 1969. The Veteran died in September 2011. The appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In January 2015, the Board received a VA Form 21-22 appointed Larry Stokes as the appellant's representative. An appellant has 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board, whichever comes first, during which they may submit a request for a change in representation. See 38 C.F.R. § 20.1304 (2014). After the 90 day period lapses, the Board will not accept a request for a change in representation except when the appellate demonstrates good cause for the delay. See 38 C.F.R. § 20.1304(b)(1). In this case, the appellant was notified in a letter dated May 22, 2014, that her appeal was certified to the Board for appellate review. The VA Form 21-22 appointing Mr. Stokes as the appellant's representative was not received within 90 days of that letter, nor has good cause for the delay in request for change in representation been provided. Accordingly, the request for change in representation is not effective as to the issue on appeal. See 38 C.F.R. § 20.1304(b)(1)(i).

In numerous statements, the appellant requested reconsideration of a previously denied claim for entitlement to service connection for prostate cancer. The claim was filed by the Veteran in August 2004, and denied in a November 2004 rating decision. The record does not show that the Veteran appealed this decision or submitted new and material evidence within the one year appeal period; therefore, that decision is final. See 38 U.S.C.A. §§ 5103, 5103A, 7105 (2014); 38 C.F.R. §§ 3.156(b), 20.302, 20.1103 (2014). She asserts that the Veteran continued to try to get VA benefits right up until his death. However, after the 2004 denial, nothing further was received until the appellant's claim after his death in 2011. As the Veteran is now deceased, the appellant may only continue the appeal of a claim raised by the Veteran and unresolved at the time of his death, and cannot raise new claims. 38 U.S.C.A. § 5121 (2014); 38 C.F.R. § 3.1010 (2014). The only mechanism through which she could obtain retroactive compensation, which she asserts she is entitled to, is if the Veteran had a claim or appeal pending at the time of his death. She was informed by the RO that no claims were pending at the time of his death. Accordingly, the appellant cannot pursue a claim for entitlement to service connection for prostate cancer, either through substitution for the Veteran or on an accrued benefits basis. Within the context of her claim for service connection for the cause of death, all conditions causing or contributing to his death will be considered.

In adjudicating this appeal, the Board has not only reviewed the physical claims file, but has also reviewed the electronic file on the Virtual VA and VBMS systems to ensure a total review of the evidence.

A request to reopen a claim for entitlement to dependency and indemnity compensation for permanent incapacity for self-support of a child was raised in attachment to the VA Form 9 dated in February 2013, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).


FINDINGS OF FACT

1. The Veteran died in September 2011 and is survived by his spouse, the appellant.

2. The Veteran's death certificate identifies the cause of his death as respiratory failure and chronic obstructive pulmonary disease, with congestive heart failure and hypertension noted as other significant conditions.

3. There is no competent evidence suggesting the Veteran's respiratory failure and chronic obstructive pulmonary disease, congestive heart failure or hypertension were in any way related to service.

4. The preponderance of the medical evidence establishes the Veteran had non-ischemic heart disease.


CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death have not been met. 38 U.S.C.A. § 1310 (2014); 38 C.F.R. § 3.312 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant contends that the Veteran's death, due in part to congestive heart failure, was related to ischemic heart disease caused by exposure to Agent Orange. The Veteran passed away in September 2011. His death certificate identified the cause of death as respiratory failure and chronic obstructive pulmonary disease. Congestive heart failure and hypertension were noted as other significant conditions. 

As noted above, the appellant has asserted the Veteran should have been granted service connection for prostate cancer back in 2004, but, other than claims for DIC benefits, she cannot bring new claims after the Veteran's death, and no claim or appeal was pending from his with respect to prostate cancer. If, in fact, prostate cancer was identified on the death certificate as a cause or contributory cause of his death, then VA would consider whether he should have been service connected for this condition. (Incidentally, the basis of the prior denial was not that prostate cancer was not on the list of conditions presumptively linked to Agent Orange exposure, as the appellant seems to believe, but due to the fact the Veteran was diagnosed with prostatitis, not cancer.). Here, the death certificate does not identify prostate cancer is any way contributing to the Veteran's death, so this particular theory of entitlement will not be addressed any further. 

The appellant does not argue that the Veteran's respiratory failure, COPD or hypertension was related to service; rather, her contentions are limited to congestive heart failure. The Board has still reviewed the medical evidence to see if there is any suggestion that his respiratory failure, COPD, or hypertension were related to service, but there is none.

In order to establish service connection for the cause of the Veteran's death, the evidence must show that a service-connected disability was either the principal or a contributory cause of death. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312(a). The Board does not dispute that the Veteran's congestive heart failure was a contributory cause of death. Therefore, the dispositive question in this case is whether his heart condition was related to service.

 Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110. Establishing service connection generally requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995). 

If a veteran was exposed to an herbicide agent during service in the Republic of Vietnam, certain diseases are presumed to be service-connected even though there is no record of such disease during service. 38 C.F.R. § 3.309(e). Ischemic heart disease is among those diseases presumed to be service connected, and includes (but is not limited to) acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal's angina. Id. However, ischemic heart disease does not include hypertension or peripheral manifestations of arteriosclerosis such as peripheral vascular disease or stroke, or any other condition that does not qualify within the generally accepted medical definition of ischemic heart disease. Id. at Note 2.

The Veteran served in Vietnam from March 1968 to March 1969; accordingly, it is presumed that he was exposed to herbicides. The crux of the appellant's argument is that ischemic heart disease is a common cause of congestive heart failure and vice versa, and therefore, the Board should find that the Veteran had ischemic heart disease at the time of his death. However, the Board finds that the Veteran did not have ischemic heart disease as contemplated by 38 C.F.R. § 3.309, and therefore the presumption of service connection does not attach notwithstanding his presumed herbicide exposure.

First, the Board notes that the record contains several treatment notes regarding the Veteran's congestive heart failure. Although the Board acknowledges a single medical record from May 3, 2005, indicating a diagnosis of ischemic heart disease, and a June 2006 Social Security Administration disability determination that the Veteran had coronary artery disease, there are no other records indicating that the Veteran had ischemic heart disease. To the contrary, a treatment record from December 15, 2006 notes that there was no evidence of myocardial ischemia. A treatment record from January 25, 2011 confirms that the Veteran's congestive heart failure was non-ischemic in nature.

The Board acknowledges that the appellant sincerely believes that the Veteran had ischemic heart disease. However, the appellant lacks the medical training and expertise to diagnose the Veteran's particular heart condition. Therefore, the Board affords greater probative weight to the medical treatment notes in the record that expressly state that the Veteran had non-ischemic congestive heart failure.

Therefore, the Board finds that the weight of the evidence of record is against a finding that the Veteran had ischemic heart disease during his lifetime. Because non-ischemic heart disease is not listed among the disorders for which a presumption based on herbicide exposure is warranted under 38 C.F.R. § 3.309(e), the Board finds the Veteran was not entitled to service connection under the provisions of the law regarding diseases due to herbicide exposure. 

Notwithstanding the presumption, service connection may be established by showing that a disorder resulting in disability or death was in fact related to service. See Brock v. Brown, 10 Vet. App. 155, 162-164 (1997); Combee v. Brown, 34 F.3d 1039, 1044 (Fed. Cir. 1994), citing 38 U.S.C.A. § 1113(b) and 1116 and 38 C.F.R. § 3.303. A review of the record, however, does not indicate, nor does the appellant allege, that the Veteran's congestive heart failure was directly related to service.

First, there is no evidence of any heart condition during service. The Veteran's service treatment records show no complaints for heart problems. At all medical examinations, his heart and vascular systems were found to be clinically normal. Furthermore, the Veteran indicated no history of heart problems on his in-service medical history reports. Second, despite the appellant's contention that the Veteran experienced a heart condition following service, there is no evidence in the record of any heart condition until April 2006. The Board is entitled to consider this delay in seeking treatment and reporting symptoms as a factor in determining whether a disease or injury in service resulted in chronic or persistent disability. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). In the absence of any evidence in support thereof, service connection on a direct basis for congestive heart failure must be denied.

In sum, the Board finds that the Veteran did not have ischemic heart disease. Furthermore, his congestive heart failure, which was a contributing factor in his death, was not related to service. As service connection for congestive heart failure has not been established, there is no legal basis for a grant of service connection for the cause of the Veteran's death.

VA's Duties to Notify and Assist

The appellant does not assert that there has been any deficiency in the notice provided to her under the Veteran's Claims Assistance Act of 2000 (VCAA). Notice letters dated in October 2011 and February 2014 are of record. The 2014 letter complied with the notice requirements of Hupp v. Nicholson, 21 Vet. App. 342 (2007).

The RO has obtained pertinent medical records including the Veteran's STRs, VA outpatient treatment reports, and Social Security Administration records. The appellant has not identified any other outstanding records that she wants VA to obtain or that she believes are relevant to her claims. Therefore, the duty to assist her in obtaining pertinent records has been satisfied, to the extent that identified records are obtainable. 38 C.F.R. § 3.159(c) (2014).

The Board acknowledges that a VA medical opinion has not been provided in relation to this claim. 38 U.S.C.A. § 5103A(d) concerning obtaining VA medical examination or medical opinion is limited to claims for "disability compensation." See DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed. Cir. 2008). In DeLaRosa at 1322, n.1, the Federal Circuit explained that disability compensation is defined as a "monthly payment made by VA to a veteran 'if the veteran is disabled as a result of a personal injury or disease . . . while in active service if the injury or disease was incurred or aggravated in line of duty.'" Therefore, by definition, § 5103A(d) does not pertain to a DIC claim. 

Nevertheless, in a DIC case, as part of the duty to assist, VA must "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit." 38 U.S.C. § 5103A(a)(1). According to the Federal Circuit, this requirement obligates VA to assess whether it is necessary to obtain a medical opinion in order to substantiate the appellant's claim. Id. VA is only excused from making reasonable efforts to provide assistance, if requested, when "no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2).

However, as explained in this decision, the weight of the evidence shows that there was no in-service incurrence of a heart condition (or a respiratory one) to which a competent medical opinion could relate the current disability, and the preponderance of the medical evidence diagnosed the Veteran with non-ischemic heart disease. 38 U.S.C. § 5103A(a) mandates that a reasonable possibility exist for the medical opinion to help the appellant's case. Here, to find that an opinion is necessary would simply not be a reasonable conclusion. There is no competent evidence suggesting that the conditions that caused his death were related to service, and the medical evidence actually establishes he did not have ischemic heart disease. As such, without any competent evidence to support the appellant's claim, the Board concludes that the duty to obtain a medical opinion has not been triggered.





 (CONTINUED ON NEXT PAGE)


ORDER

Service connection for cause of death is denied.




____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs