Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210610-165218
DATE: June 30, 2021

ORDER

Entitlement to Dependency and Indemnity Compensation under 38 U.S.C. § 1318 is denied.

REMANDED

Entitlement to service connection for cause of death of the Veteran is remanded.

FINDINGS OF FACT

1. The Veteran's death certificate shows that the immediate cause of death was cardiac arrest. Underlying causes were noted as respiratory failure, congestive heart failure and atrial fibrillation. 

2. At the time of the Veteran's death, he was service-connected for depressive reaction and posttraumatic stress disorder, a burn scar on his back, neuropathy of the right forearm, bilateral arthritis of the hands (thumb, index and long fingers), bilateral arthritis of the hands (ring and little fingers), and bilateral cataracts. 

3. The Veteran was not rated by VA as being totally disabled due to service-connected conditions for a continuous period of at least 10 years immediately preceding death; nor was a total evaluation continuously in effect since the date of his discharge from military service and for at least five years immediately preceding his death; nor was he a prisoner of war.

4. At the time of his death, the Veteran did not have a pending claim for VA benefits. 

CONCLUSION OF LAW

The criteria for establishing entitlement to DIC under 38 U.S.C. § 1318 are not met. 38 U.S.C. § 1318; 38 C.F.R. § 3.22.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from April 1960 to May 1972. He died in August 2021. The Appellant is his surviving spouse.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a December 2020 rating decision of the Department of Veterans Affairs (VA) which denied the claims noted on the title page. 

The Board notes that on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA) decision on their claim to seek review. The Appellant opted into the AMA review system when she submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review in April 2021. This decision has been written consistent with the new AMA framework.

A subsequent rating decision was issued in May 2021 which denied service connection for cause of death of the Veteran. The Appellant filed a June 2021 VA 10182 Notice of Disagreement in which she requested that the appeal be placed on the Board's Direct Review docket under the AMA system. Pursuant to regulations governing Direct Review, the Board's review is limited to the evidence that was available for the Agency of Original Jurisdiction's review at the time that it issued the December 2020 rating decision.

Entitlement to DIC benefits pursuant to 38 U.S.C. § 1318 is denied.

VA pays DIC benefits to the surviving spouse of a deceased veteran who was in receipt of, or entitled to receive compensation, at the time of his death for a service-connected disability that was rated totally disabling if: (1) the disability was continuously rated totally disabling for a period of 10 or more years immediately preceding death; (2) if the disability was rated by the VA as totally disabling continuously since a veteran's release from active duty and for at least five years immediately preceding death; or (3) if the veteran was a former prisoner of war who died after September 30, 1999, and the disability was continuously rated totally disabling for a period of not less than one year immediately preceding death. 38 U.S.C. § 1318(b).

"Entitled to receive" means that, at the time of death, the Veteran had service-connected disability(ies) rated totally disabling by VA but was not receiving compensation for reasons specified in the regulations which are not relevant here (such as withholding or waiver of payment), or because the Veteran had applied for compensation but had not received total disability compensation due solely to clear and unmistakable error (CUE) in a VA decision concerning the issue of service connection, disability evaluation, or effective date. 38 C.F.R. § 3.22(b).

Claims under 38 U.S.C. § 1318 are adjudicated based on decisions rendered during the Veteran's lifetime. 38 C.F.R. § 20.1106. Thus, the only possible ways for the Appellant to prevail on a claim for benefits under 38 U.S.C. § 1318 would be: (1) meeting the statutory duration requirements for a total disability rating at the time of death; or (2) showing that such requirements would have been met but for CUE in a decision on a claim filed during the Veteran's lifetime.

At the time of the Veteran's death, he was service connected for: depressive reaction and posttraumatic stress disorder, rated as 70 percent; a burn scar on his back, rated as 10 percent; neuropathy of the right forearm, rated as 10 percent; bilateral arthritis of the hands (thumb, index and long fingers), each rated as 10 percent; bilateral arthritis of the hands (ring and little fingers), each rated as noncompensable; and bilateral cataracts, rated as noncompensable. His combined disability rating was 80 percent. 

After carefully reviewing the evidence of record, the Board finds that DIC benefits under 38 U.S.C. § 1318 is not warranted. The evidence fails to show that the Veteran was rated 100 percent disabled for the 10-year period immediately preceding his death. The claim cannot be substantiated under this theory as a total rating was not in effect. Additionally, no CUE theory has been expressly set forth, even with a sympathetic reading, or reasonably raised by the record. Furthermore, the Veteran was not rated 100 percent disabled since separation, to include five years preceding his death, and service records do not reflect that the Veteran was a prisoner of war

Given the foregoing, the Board finds that the Appellant does not meet the basic eligibility requirements for entitlement to DIC benefits under 38 U.S.C. § 1318 and the claim must be denied as a matter of law.

REASONS FOR REMAND

Entitlement to service connection for cause of death of the Veteran is remanded.

As noted above, at the time of his death, the Veteran was service connected for depressive reaction and posttraumatic stress disorder, a burn scar on his back, neuropathy of the right forearm, bilateral arthritis of the hands (thumb, index and long fingers), bilateral arthritis of the hands (ring and little fingers), and bilateral cataracts. The immediate cause of death listed on the Veteran's certificate of death was cardiac arrest. Underlying causes were noted as respiratory failure, congestive heart failure and atrial fibrillation.

The Appellant has indicated that the Veteran served in Vietnam and died of ischemic heart complications. See NOD received in June 2021. As the Veteran's military personnel records demonstrate that he had active duty service in the Republic of Vietnam from July 1965 to July 1966, his exposure to herbicide agents is presumed. 38 C.F.R. § 3.307(a)(6)(iii). In addition, ischemic heart disease is considered to be presumptively associated with exposure to herbicide agents under 38 C.F.R. § 3.309(e). However, the record does not include any medical evidence to establish that the Veteran had a heart disability. Nevertheless, given that the Appellant has suggested that the Veteran had a heart problem related to his service, specifically in Vietnam, the Board finds that a medical opinion should be obtained to address whether his cardiac arrest was related to active service. See 38 U.S.C. § 5103A(a); Wood v. Peake, 520 F.3d 1345, 1348 (Fed. Cir. 2008); DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed. Cir. 2008). The absence of such opinion constitutes a pre-decisional duty to assist error requiring correction.

In light of the above, a VA medical opinion should be obtained in order to properly assess the Veteran's cause of death claim. The opinion should address if there is a relationship between the Veteran's cause of death and active service and/or his various service-connected disabilities. 

The matters are REMANDED for the following action:

Obtain a medical opinion from an appropriate examiner addressing whether there is any relationship between the Veteran's death and his service. 

The examiner should furnish an opinion for the following questions:

(a) Is it at least as likely as not (i.e., there is at least an approximate balance of positive and negative evidence) that cardiac arrest listed on the Veteran's death certificate as the immediate cause of death, or the noted underlying causes of respiratory failure, congestive heart failure and atrial fibrillation, had an onset during service or are otherwise causally related to the Veteran's active service, to include his presumed exposure to herbicide agents?

(b) Is it at least as likely as not (i.e., there is at least an approximate balance of positive and negative evidence) that any of the Veteran's service-connected conditions alone or in combination, caused or contributed substantially or materially to the Veteran's death?

A complete rationale should be given for all opinions and conclusions expressed.

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A-L Evans, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.